1  JOHN B. SULLIVAN (State Bar No. 96742)
   jbs@severson.com
2  ERIK KEMP (State Bar No. 246196)
   ek@severson.com
3  MARY KATE KAMKA (State Bar No. 282911)
   mkk@severson.com
4  SEVERSON & WERSON
   A Professional Corporation
5  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
6  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
7
   Attorneys for NATIONSTAR MORTGAGE LLC and
8  VERIPRO SOLUTIONS INC.

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13  TAQUELIA WASHINGTON TOLAND and        Case No.
    GEORGIA TOLAND, individually and on
14  behalf of All Others Similarly Situated,   **NOTICE OF REMOVAL TO FEDERAL**
                                               **COURT UNDER THE CLASS ACTION**
15            Plaintiffs,                       **FAIRNESS ACT [28 U.S.C. 1332(d),**
                                               **1453(b)]**
16       vs.

17  NATIONSTAR MORTGAGE LLC, a
    Delaware limited liability company;
18  VERIPRO SOLUTIONS INC., a Delaware
    corporation, and DOES 1 through 20,
19
              Defendants.
20

21        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b),

22  defendants Nationstar Mortgage LLC ("Nationstar") and Veripro Solutions, Inc. ("Veripro";

23  collectively with Nationstar "Defendants") hereby remove the above-captioned action from the

24  Superior Court of the State of California, in and for the County of Alameda, to the United States

25  District Court, Northern District of California.  Defendants allege that they are entitled to removal

26  pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b), as follows:

27        1.      Defendants are named in the civil action filed on or about April 4, 2017, by

28  plaintiffs Taquelia Washington Toland and Georgia Toland in the Superior Court of the State of

1  California, in and for the County of Alameda, entitled *TAQUELIA WASHINGTON TOLAND and*

2  *GEORGIA TOLAND, Individually and on Behalf of All Others Similarly Situated v. NATIONSTAR*

3  *MORTGAGE LLC, a Delaware limited liability company, VERIPRO SOLUTIONS INC., a*

4  *Delaware corporation, and DOES 1 through 20*, Case No. RG 17854212 (the "State Court

5  Action"). The putative class action complaint consists of four counts alleged against Defendants

6  for violation of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788

7  (the "Rosenthal Act"); violation of California's Consumer Credit Reporting Agencies Act, Civil

8  Code § 1785.1 *et seq.* (the "CCRA"); and two violations of California's Unfair Competition Law,

9  Cal. Bus. & Prof. Code, § 17200 *et seq.* and § 17500 *et seq.* (the "UCL").

10      2.      On April 4, 2017, Defendants were served with a copy of the Summons,

11  Complaint, and Affidavit of Venue. True copies of these documents are attached hereto as

12  **Exhibit A**. Defendants have not yet answered or otherwise responded to the Complaint in the

13  State Court Action. Accordingly, the documents attached as **Exhibit A** constitute all pleadings,

14  process, and orders served on Defendants in the State Court Action, as required by 28 U.S.C. §

15  1446(a).

16      3.      Removal to this district court is proper because this is the district which embraces

17  the county in which plaintiffs filed the State Court Action. 28 U.S.C. § 1441(a).

18          (a)      *Intradistrict Assignment:* Assignment to the San Francisco or Oakland

19  Division is appropriate under Local Rule 3-2(d) because this is alleged to be a civil action arising

20  in the County of Alameda.

21      4.      This action is a civil class action of which this Court has original jurisdiction under

22  28 U.S.C. §1332(d)(2) and is one which may be removed to this Court by Defendants pursuant to

23  28 U.S.C. §§1441(a), 1446, and 1453(b). "Federal jurisdiction under CAFA has three elements:

24  (1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must

25  have at least 100 members and (3) the amount in controversy must 'exceed[ ] the sum or value of

26  $5,000,000.' " *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir.

27  2013) (*citing* 28 U.S.C. § 1332(d)) (footnote omitted). The Complaint alleges that Defendants had

28  a common practice of sending sent uniform collection letters to all borrowers who obtained a

second mortgage or home equity line of credit secured by a deed of trust on a property in California after a foreclosure sale and reporting such individuals' account as having an outstanding balance owing or otherwise delinquent within the last four years. (Compl. ¶¶ 2, 17-19, 23(a).)  This case is a putative class action involving more than 100 alleged class members in which at least one member of the alleged class is a citizen of a State different than at least one defendant, Nationstar, and the amount that plaintiffs' allegations place in controversy exceeds $5,000,000, exclusive of costs and interest.

5.     *Class Action*.  This action is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B).  Paragraph 1 of the Complaint alleges that plaintiffs are suing on their own behalf and on behalf of a putative class of similarly situated persons.

6.     *Numerosity*.  Plaintiffs allege that Defendants have a common business practice of sending improper collection letters to all borrowers who obtained second mortgages following a foreclosure sale in which a deficiency resulted and improperly reporting the deficiency to the credit reporting agencies. (Compl. ¶¶ 2, 17-19, 23(a).)  Defendants serviced over 100 purchase-money second mortgages or HELOCs between March 24, 2013 through March 24, 2017 that had deficiencies remaining following a foreclosure of the first mortgage.  Thus, assuming as true the allegations in the complaint, the alleged class consists of more than 100 members.  See *Kuxhausen*, 707 F.3d at 1140.

7.     *Minimal Diversity*.  A member of the alleged class is a citizen of a different state than Nationstar and Veripro.

(a)     Plaintiffs are citizens of the state of California as Paragraph 1 of the Complaint alleges that Plaintiffs reside in Alameda County, California.  Moreover, all of the alleged putative class members purportedly reside in California. (Compl. ¶ 2.)

(b)     Nationstar is not a citizen of the state of California.  Nationstar is a Delaware limited liability company.  A limited liability company is a citizen of every state in which its members are citizens. *Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004).  Nationstar's members are Nationstar Sub1 LLC and Nationstar Sub2

1    LLC. Both members are also Delaware limited liability companies. Nationstar Sub1 and

2    Nationstar Sub2 are wholly owned by Nationstar Mortgage Holdings, Inc., a Delaware corporation

3    with its principal place of business located in Texas. A corporation is a citizen in both the state in

4    which it is incorporated and the state in which its principal place of business is located. 28 U.S.C.

5    § 1332(c)(1). Accordingly, Nationstar is not and, at the time plaintiffs filed their Complaint, was

6    not, a citizen of the state of California, but of the states of Delaware and Texas, the States of which

7    its members are citizens.

8              (c)     Veripro is not a citizen of California. Veripro is a Delaware corporation

9    with its principal place of business located in Texas. Accordingly, Veripro is not and, at the time

10   plaintiffs filed their Complaint, was not, a citizen of the State of California, but of the States of

11   Delaware and Texas,

12             (d)     The citizenship of Does 1 through 20 is disregarded pursuant to 28 U.S.C. §

13   1441(a). See *Cripps v. Life Ins. Co. of Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992).

14       8.   *Amount in Controversy*. The amount in controversy in this action exceeds the sum

15   or value of $5 million, exclusive of interest and costs, when the claims of all class members are

16   aggregated as provided in 28 U.S.C. § 1332(d)(6). See *Standard Fire Ins. Co. v. Knowles*, 133 S.

17   Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013). "[A] defendant's notice of removal need include only a

18   plausible allegation that the amount in controversy exceeds the jurisdictional threshold..." *Dart*

19   *Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

20             (a)     The Complaint does not explicitly allege the value of the matter in

21   controversy in this action. Defendants deny they have any liability to plaintiffs or the putative

22   class they seek to represent. Defendants need not concede liability to establish the amount in

23   controversy, and it does not do so here by alleging the amount in controversy is satisfied. *See*

24   *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Nevertheless, a fair reading

25   of the allegations in plaintiffs' Complaint demonstrates that it is more likely than not that the

26   alleged amount in controversy exceeds the $5 million threshold. *See Knowles*, 133 S. Ct. at 1348;

27   *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978-982 (9th Cir. 2013). Moreover, in

28   determining the amount in controversy, a court must assume that "the allegations in the complaint

1  are true and that a jury would return a verdict for the plaintiff on all claims made in the

2  complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (C.D. Cal. 2008).

3          (b)      Plaintiffs allege that Defendants improperly sought to collect from them a

4  deficiency balance of $97,514.31 and that Defendants improperly reported said deficiency to the

5  credit reporting agencies causing them actual damages.  (Compl. ¶¶ 16-19.)  Plaintiffs claim that

6  the foreclosure sale on their property eliminated their obligation to repay the deficiency related to

7  their second mortgage following their sale and thus, Defendants' attempts to collect the

8  $97,514.31 deficiency, and the credit reporting related thereto, are wrongful.  (*Id.*)  Plaintiffs seek

9  to represent a class of allegedly similarly situated persons who were sent certain collection

10  correspondence or had their deficiencies reported to the credit reporting agencies between April 3,

11  2013 and the present.  (*Id.*. ¶ 2.)  Plaintiffs' causes of action for alleged violations of the Rosenthal

12  Act, CCRA, and UCL show that the statutory damages, actual damages, injunctive relief, and

13  other relief sought by plaintiffs in this case would more likely than not exceed the $5 million

14  amount in controversy limit.

15          (c)      First,  the Complaint seeks injunctive relief under the UCL.  (Compl. ¶¶ 43,

16  46.)  The Complaint seeks an order enjoining Defendants from engaging in the allegedly unfair

17  practices.  (*See id.*, prayer, ¶¶ (b) and (c).)  In an action seeking injunctive relief, the amount in

18  controversy is measured by the value of the object of the litigation.  *Cohn v. Petsmart, Inc.*, 281

19  F.3d 837, 840 (9th Cir. 2002).  In this case, the objects of the litigation are putative class

20  members' outstanding deficiencies owed to Nationstar.  Plaintiffs allege they do not owe a

21  deficiency balance in the amount of $97,514.31 and seek to enjoin Nationstar from collecting on

22  that balance.  (Comp. ¶ 30(a)-(b).)  Plaintiffs further allege they are typical of the class members.

23  Therefore, the aggregate amount of outstanding balances owed by 100 similarly situated

24  borrowers would easily exceed $5 million.  *See e.g., Nguyen v. Wells Fargo Bank, N.A.,* 749

25  F. Supp. 2d 1022, 1028-29 (N.D. Cal. 2010); *Delgado v. Bank of America Corp.,* 2009 WL

26  4163525, at *6 (E.D. Cal. 2009); *Duran v. Aurora Loan Services*, 2009 WL 1110645, *3 (E.D.

27  Cal. 2009).  Therefore, the amount in controversy is satisfied for that reason alone.

28          (d)      Second, Plaintiffs allege negligent and willful violations of the CCRA,

1    which if proven, exposes Defendants to actual damages and punitive damages ranging between

2    $100 to $5,000 per violation.  (*Id.* ¶ 38; Cal. Civ. Code 1785.31(d).)  Plaintiffs do not place a

3    dollar amount on their actual damages resulting from this claim, but contend that Defendants'

4    violation "impede[d] or prevent[ed] them from obtaining credit, and/or result[ed] in higher costs of

5    credit." (Compl. ¶ 37.)  Adding these statutory damages and any actual damages resulting from

6    incurring costs of higher credit or being unable to obtain credit to the deficiency balance waiver

7    plaintiffs seek further shows that the amount in controversy would more likely than not exceed the

8    $5 million threshold.

9         (e)    Third, plaintiffs allege violations of the Rosenthal Act.  The Rosenthal Act

10   provides for actual damages.  Cal. Civ. Code § 1788.30.  Furthermore, if Plaintiffs were to prove

11   that Defendants' actions were willful, the Rosenthal Act carries of statutory penalty ranging from

12   $100 to $1,000, a total of which is not to exceed $500,000 or 1% of the defendant's net worth in

13   class actions. Cal. Civ. Code § 1788.30; 15 U.S.C.A. § 1692k(a)(2)(B); see also *McDonald v.*

14   *Bonded Collectors, L.L.C.*, 233 F.R.D. 576, 577 (S.D. Cal. 2005) (explaining that the Rosenthal

15   Act fully incorporates the remedy provisions of the 15 U.S.C.A. § 1692k).  While Plaintiffs do not

16   specifically identify the actual damages they incurred as a result of the alleged Rosenthal Act

17   violation, the availability of additional actual and statutory damages under this claim further

18   shows that the amount in controversy more likely than not exceeds $5 million.

19        (f)    Fourth, the Complaint seeks an award of attorneys' fees, which are properly

20   considered since their award is allowable under the Rosenthal Act and the CCRA.  Cal. Civ. Code

21   § 1788.20(c) and Cal. Civ. Code § 1785.31(d).  Though Defendants deny plaintiffs will prevail or

22   have any right to recover attorneys' fees, the Court may consider an attorneys' fee award of 25%

23   of the potential damages sought in determining whether CAFA's amount in controversy

24   requirement is satisfied.  See *Heejin Lim v. Helio, LLC*, CV 11-9183 PSG PLAX, 2012 WL

25   359304, at *3 (C.D. Cal. Feb. 2, 2012) (citing *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696,

26   699 (9th Cir. 2007)).

27        9.    This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being

28   filed and served within 30 days service of the Complaint on Defendants.  *See Kuxhausen*, 707 F.3d

1   at 1139-43.

2        10.      As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the

3   removal of this action to plaintiffs and to the Alameda County Superior Court.

4        WHEREFORE, Defendants pray that the State Court Action be removed from state court

5   to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

6

7   DATED: May 4, 2017                      SEVERSON & WERSON
                                            A Professional Corporation
8

9                                      By:  /s/ Mary Kate Kamka
                                            Mary Kate Kamka
10

11                                          Attorneys for NATIONSTAR MORTGAGE LLC and
                                            VERIPRO SOLUTIONS INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** NATIONSTAR MORTGAGE LLC, a
*(AVISO AL DEMANDADO):* Delaware limited liability
company; VERIPRO SOLUTIONS INC., a Delaware
corporation, and DOES 1 through 20

ENDORSED
FILED
ALAMEDA COUNTY

MAR 24 2017

CLERK OF THE SUPERIOR COURT.

By Lanette Buffin, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** TAQUELIA WASHINGTON
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* TOLAND and GEORGIA
TOLAND, individually and on behalf of All Others
Similarly Situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |

ALAMEDA COUNTY SUPERIOR COURT
1225 Fallon St., Room 209

**CASE NUMBER:** RG 17854212

Oakland, CA 94612
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kristin Kemnitzer   Bar No. 278946     (415) 632-1900  (415) 632-1901
KEMNITZER, BARRON & KRIEG, LLP
445 Bush St., 6th Floor
San Francisco, CA 94108

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* MAR 24 2017 **Chad Finke** | *(Secretario)* LANETTE BUFFIN | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Nationstar Mortgage LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* Corps. C. 17701.16 (LLC)

4. ☒ by personal delivery on *(date):* 4/9/17

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Bryan Kemnitzer  Bar No. 066401<br>Kristin Kemnitzer  Bar No. 278946<br>KEMNITZER, BARRON & KRIEG, LLP<br>445 Bush Street, 6th Floor<br>San Francisco, CA  94108 | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>MAR 24 2017<br>CLERK OF THE SUPERIOR COURT,<br>By Lanette Buffin, Deputy |

TELEPHONE NO.: (415) 632-1900  FAX NO.: (415) 632-1901
ATTORNEY FOR (Name): Taquelia Washington Toland and Georgia To

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St., Room 209
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME: NORTHERN DIVISION

CASE NAME: TOLAND v. NATIONSTAR

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG17854212<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [X] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 4.
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: March 23, 2017

Bryan Kemnitzer
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal<br>Solutions<br>& Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

Short Title: TOLAND v. NATIONSTAR

Case Number:

### CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| | |
|---|---|
| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
| | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34. | Auto tort (G) |
| | | Is this an uninsured motorist case? [ ] yes [ ] no | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No | |
| | Other judicial review (39) | [ ] 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [X] 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 08 | Confession of judgment |
| Misc. Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 69 | Other petition |

202-19 (5/1/00)

AL20219

Kemnitzer, Barron & Krieg, LLP
Attn: Kemnitzer, Bryan
445 Bush Street, Sixth Floor
San Francisco, CA   94108

Nationstar Mortgage LLC



FILE COPY
03/29/2017

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Toland<br>Plaintiff/Petitioner(s)<br><br>vs.<br><br>Nationstar Mortgage LLC<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG17854212<br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 05/16/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
              201 13th Street, Oakland

Case Management Conference:
DATE: 06/23/2017   TIME: 09:16 AM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
              201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 03/29/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                     By _____
                                                                Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/30/2017.

                                     By _____
                                                                Deputy Clerk

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Bryan Kemnitzer  Bar No. 066401<br>Kristin Kemnitzer  Bar No. 278946<br>KEMNITZER, BARRON & KRIEG, LLP<br>445 Bush Street, 6th Floor<br>San Francisco, CA 94108<br>TELEPHONE NO.: (415) 632-1900  FAX NO. (Optional): (415) 632-1901<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Taquelia Washington Toland and Georgia To | ENDORSED<br>FOR COURT USE ONLY<br>FILED<br>ALAMEDA COUNTY<br>MAR 24 2017<br>CLERK OF THE SUPERIOR COURT<br>By Lanette Buffin, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
  STREET ADDRESS: 1225 Fallon St., Room 209
  MAILING ADDRESS:
  CITY AND ZIP CODE: Oakland, CA 94612
  BRANCH NAME: NORTHERN DIVISION

| PLAINTIFF/PETITIONER: TAQUELIA WASHINGTON TOLAND, et al. | CASE NUMBER: RG 17854212 |
|---|---|
| DEFENDANT/RESPONDENT: NATIONSTAR MORTGAGE LLC, et al. | JUDICIAL OFFICER: |
| NOTICE OF RELATED CASE | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: *Banks v. JP Morgan Chase Bank, N.A.*
   b. Case number: RG12614875
   c. Court: [X] same as above
      [ ] other state or federal court *(name and address)*:

   d. Department: 21
   e. Case type: [ ] limited civil  [X] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify)*:

   f. Filing date: January 30, 2012
   g. Has this case been designated or determined as "complex?"  [X] Yes  [ ] No
   h. Relationship of this case to the case referenced above *(check all that apply)*:
      [ ] involves the same parties and is based on the same or similar claims.
      [X] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [X] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
      [X] Additional explanation is attached in attachment 1h.
   i. Status of case:
      [X] pending
      [ ] dismissed  [ ] with  [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
      [ ] other state or federal court *(name and address)*:

   d. Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300

Legal Solutions Plus

BY FAX

CM-015

| PLAINTIFF/PETITIONER:  TAQUELIA WASHINGTON TOLAND, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  NATIONSTAR MORTGAGE LLC, et al. | |

2. (continued)

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other (specify):

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above (check all that apply):

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3. a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court (name and address):

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other (specify):

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above (check all that apply):

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached:

Date: March 23, 2017

Bryan Kemnitzer
   (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)                (SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: TAQUELIA WASHINGTON TOLAND, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: NATIONSTAR MORTGAGE LLC, et al. | |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

## ATTACHMENT 1h

Plaintiffs respectfully request, pursuant to California Rule of Court 3.300(a), that the instant matter be treated as a related case to the matter of *Banks v. JP Morgan Chase Bank, N.A.,* Case No. RG12614875, and assigned to Hon. Winifred Smith. Pursuant to CRC 3.300(a)(2), this case "[a]rise[s] from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact" as the *Banks* case. Further, pursuant to CRC 3.300(a)(4), this case is "likely . . . to require substantial duplication of judicial resources if heard by [a] different judge" than the assigned Judge in the *Banks* case.

Like this case, the *Banks* case challenged collection letters attempting to collect deficiency balances remaining on purchase money mortgages and purchase money home equity lines of credit after the borrowers homes had been foreclosed or short sold, and the post-sale credit reporting of those deficiency balances.

*Banks* was designated complex and is assigned to Judge Smith. Judge Smith presided over the class action settlement approval in *Banks*. On December 9, 2016, Judge Smith granted final approval of the class action settlement. Final approval came after nearly five years of hard-fought litigation. Banks is still active and has a compliance hearing on calendar for June 21, 2017.

The legal and factual disputes addressed by the parties in *Banks* relate directly to the issues in the *Toland* case. *Banks* and *Toland* involve identical causes of action based on substantially similar collection and credit reporting practices and present substantially identical questions of law. The causes of action in the two cases are the same, namely, violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.*; the Consumer Credit Reporting Agencies Act, Civil Code §§ 1785.1 *et seq.*; and Unfair Coemption Law Business & Professions Code §§ 17200 *et seq.*

The causes of action in both cases arise out of collection letters attempting to collect deficiency balances remaining on purchase money mortgages and purchase money home equity lines of credit after the borrowers homes had been foreclosed or short sold, and the post-sale credit reporting of those deficiency balances. Both cases present the application of California Code of Civil Procedure section 580b to collection practices under the Rosenthal Act, and to credit reporting practices under the Consumer Credit Reporting Agencies Act. Under §580b, borrowers have no personal liability to pay deficiency balances on mortgage loans and home equity lines of credit used to purchase owner occupied residential property, regardless of how the security is extinguished, by foreclosure sale, short sale, or otherwise.

The two cases arise out of the same factual and legal predicates. In each case, Plaintiffs and class members "obtained a second mortgage, or home equity line of credit, secured by a deed of trust on property located in California (a) to secure payment of the purchase price of a dwelling (b) for not more than four families and which (c) was occupied entirely or in part by the purchaser, and, after a foreclosure or short sale of the dwelling, any of the defendants

(1)    sent the person a [collection letter] within the period beginning four years preceding the filing of this action and continuing until the date of Judgment; and/or

(2)    reported such person's second mortgage loan or home equity line of credit to one or more of the credit reporting agencies Experian, Equifax, or TransUnion as having an outstanding balance owing and/or otherwise as currently delinquent within the period beginning four years preceding the filing of this action and continuing until the date of Judgment."

*See, Toland* Complaint, ¶2 (class definition).

It would serve judicial economy to relate the *Banks* and *Toland* cases to one another. Plaintiffs respectfully request that the *Toland* case be assigned to Judge Smith, the assigned Judge in the *Banks* case.

1  ARTHUR D. LEVY (SB # 95659)
   NOAH ZINNER (SB #247581)
2  HOUSING AND ECONOMIC RIGHTS ADVOCATES
   P.O. Box 29435
3  Oakland, California 94604
   Telephone: (415) 702-4551
4
   BRYAN KEMNITZER (SB # 66401)
5  KRISTIN KEMNITZER (SB # 278946)
   KEMNITZER, BARRON & KRIEG, LLP
6  445 Bush Street, 6th Floor
   San Francisco, California 94108
7  Tel. (415) 632-1900

8  Attorneys for Plaintiffs TAQUELIA WASHINGTON TOLAND AND GEORGIA TOLAND
   Individually and on Behalf of All Others Similarly Situated
9

10

11

12                    IN THE SUPERIOR COURT OF CALIFORNIA

13                    IN AND FOR THE COUNTY OF ALAMEDA

14  TAQUELIA WASHINGTON TOLAND and   )   Case No.   17854212
    GEORGIA TOLAND, individually and on  )
15  behalf of All Others Similarly Situated,  )   CLASS ACTION
                                         )
16              Plaintiffs,              )   CLASS ACTION COMPLAINT FOR
                                         )   VIOLATIONS OF THE ROSENTHAL
17      vs.                              )   FAIR DEBT COLLECTION PRACTICES
                                         )   ACT, CONSUMER CREDIT REPORTING
18  NATIONSTAR MORTGAGE LLC, a          )   AGENCIES ACT, AND UNFAIR
    Delaware limited liability company;  )   COMPETITION LAW; DEMAND FOR
19  VERIPRO SOLUTIONS INC., a Delaware   )   JURY TRIAL
    corporation, and DOES 1 through 20,  )
20                                       )   Unlimited Civil Case
                Defendants.              )
21                                       )   JURY TRIAL DEMANDED
                                         )
22                                       )
                                         )
23                                       )

24

25

26

27

28
───────────────────────────────────────────────
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION
PRACTICES ACT, CONSUMER CREDIT REPORTING AGENCIES ACT, AND UNFAIR COMPETITION
LAW; DEMAND FOR JURY TRIAL

ENDORSED
FILED
ALAMEDA COUNTY

MAR 24 2017

CLERK OF THE SUPERIOR COURT
By Lanette Buffin, Deputy

BY FAX

1     Plaintiffs TAQUELIA WASHINGTON TOLAND and GEORGIA TOLAND,

2   individually and on behalf of all members of the proposed plaintiff Class defined below, allege as

3   follows:

4                                  **GENERAL ALLEGATIONS**

5         1.      At all times relevant herein, Plaintiffs TAQUELIA WASHINGTON TOLAND

6   and GEORGIA TOLAND have been and are residents of Alameda County, California.

7         2.      Plaintiffs bring this action as a class action on behalf of all natural persons who

8   obtained a second mortgage, or home equity line of credit, secured by a deed of trust on property

9   located in California (a) to secure payment of the purchase price of a dwelling (b) for not more

10  than four families and which (c) was occupied entirely or in part by the purchaser, and, after a

11  foreclosure or short sale of the dwelling, any of the defendants

12        (1)      sent the person a letter in the form of Exhibits "A" and/or "C" within the period

13                 beginning four years preceding the filing of this action and continuing until the

14                 date of Judgment; and/or

15        (2)      reported such person's second mortgage loan or home equity line of credit to one

16                 or more of the credit reporting agencies Experian, Equifax, or TransUnion as

17                 having an outstanding balance owing and/or otherwise as currently delinquent

18                 within the period beginning four years preceding the filing of this action and

19                 continuing until the date of Judgment.

20        3.      Defendant NATIONSTAR MORTGAGE LLC ("NATIONSTAR") is a limited

21  liability company organized under the laws of the state of Delaware. NATIONSTAR was at all

22  relevant times and is qualified to do business in the State of California and transacts business in

23  Alameda County.

24        4.      Defendant VERIPRO SOLUTIONS INC. ("VERIPRO") is a corporation

25  organized under the laws of the state of Delaware. VERIPRO was at all relevant times and is an

26  affiliate of NATIONSTAR and, in committing the acts alleged below, acted as the agent,

27  representative, or otherwise on behalf of NATIONSTAR, within the course and scope of its

28

1  authority. VERIPRO is qualified to do business in the State of California and transacts business in

2  Alameda County.

3      5.    Defendants Does 1 through 20 are persons or entities whose true names and

4  capacities are currently unknown to Plaintiffs, and who are therefore sued by fictitious names.

5  Each of these fictitiously-named defendants has some interest in the purchase money second

6  mortgages and purchase money home equity lines of credit of Plaintiffs and the Class, authorized

7  or benefited from the acts of NATIONSTAR and/or VERIPRO alleged in this Complaint, or is

8  other responsible for the practices alleged. Plaintiffs will amend this complaint to allege the true

9  names and capacities of these fictitiously-named defendants when they have been both identified

10 and the factual basis for their liability has been ascertained.

11     6.    On November 2, 2006, Plaintiffs bought a condominium located at 1318 B Street,

12 Unit B208 in Hayward, California as their personal residence. The gross amount due on account

13 of the purchase was $429,162.77. Countrywide Bank, N.A. provided a purchase money first

14 mortgage for $332,000.00, and a purchase money second mortgage for $83,000.00. Plaintiffs

15 deposited $5,305.63 in escrow on account. The seller covered $8,500.00 in closing costs.

16     7.    Plaintiffs moved into the condominium and occupied it as a personal residence.

17     8.    Bank of America, N.A., thereafter became the successor to Countrywide Bank,

18 N.A. and to Countrywide's ownership of the two mortgages.

19     9.    Bank of America thereafter transferred the first mortgage to the Federal National

20 Mortgage Association (the "FNMA").

21     10.   In May 2012, the FNMA conducted a non-judicial foreclosure sale of Plaintiffs'

22 home based on non-payment of the first mortgage. The foreclosure sale extinguished both the first

23 and second mortgage liens against the property. However, the foreclosure sale did not yield

24 sufficient funds to pay off the second mortgage, leaving an unsatisfied balance (a "deficiency")

25 on the second mortgage loan.

26     11.   After the foreclosure, Bank of America transferred the second mortgage loan to

27 NATIONSTAR. NATIONSTAR has attempted to collect an unsecured deficiency balance it

28

1    claims Plaintiffs still owe on their second mortgage loan. These collection efforts include, but are

2    not limited to, NATIONSTAR's affiliate, VERIPRO, seeking to collect the claimed deficiency.

3         12.     On or about October 10, 2016, VERIPRO, acting on behalf of NATIONSTAR,

4    sent Plaintiff GEORGIA TOLAND at her home in Oakland, California the form letter attached as

5    Exhibit "A," seeking to collect the claimed deficiency under Plaintiffs' second mortgage loan.

6    The letter claimed that Plaintiff had a "balance due" of $97,514.31, but that NATIONSTAR was

7    willing to make a "reduced payoff offer" of $24,378.58. The letter stated that Plaintiff should

8    "Pay the reduced payoff amount listed above to settle this debt in full" and that "YOU [Plaintiff]

9    SAVE $73,135,73." Under the "Why should you pay?" section, the letter claimed that if Plaintiff

10   paid the amount allegedly due, the following would occur:

11   •   "**Satisfaction of Mortgage** -- The mortgage satisfaction will be recorded with the

12       property county recorder's office, releasing the lien for this mortgage debt from your

13       property."

14   •   "**Eliminate Debt** -- This loan will be closed with no further balance due."

15   •   "**Step Towards Creating Equity** -- **Reducing** your total mortgage debt will only help

16       you towards creating positive equity on your property investment."

17   •   "**Peace of Mind** -- After you pay, the final communication you will receive from anyone

18       regarding this debt will be our 'settled in full' confirmation letter, reflecting a $0.00

19       balance."

20        13.     In or about January 12, 2017, VERIPRO, acting on behalf of NATIONSTAR, sent

21   the same form letter, attached as Exhibit "B", to Plaintiff TAQUELIA WASHINGTON

22   TOLAND at her home in Oakland, California, seeking to collect the claimed deficiency under

23   Plaintiffs' second mortgage loan. The only difference between Exhibit "A" and Exhibit "B" is the

24   amount of the "reduced payoff offer". Exhibit "B" claimed that Plaintiff TAQUELIA

25   WASHINGTON TOLAND owed $97,514.31, but that NATIONSTAR was willing to accept

26   $29,254.29.

27        14.     On or about February 9, 2017, VERIPRO sent each Plaintiff the matching form

28

1  letter attached as Exhibit "C" to the Complaint.

2       15.     The February 2017 VERIPRO letter began as follows: "After review of the above

3  referenced account, you remain responsible for $97,514.31 mortgage lien that is still active and

4  filed on the above referenced property address." (Emphasis in original). It offered Plaintiffs two

5  options to "settle" their account: a "lump sum settlement" payment of $24,378.58 and a "multi-

6  part settlement" of 12 equal payments totaling $29,254.29. The letter stated "[t]his offer is only

7  good for 15 days" from its date, and told Plaintiffs to call "today" at a toll-free number "to discuss

8  these options before it is too late." (Emphasis in original).

9       16.     Under California Code of Civil Procedure section 580b, borrowers are not

10  personally liable to pay deficiency balances on mortgage loans and home equity lines of credit

11  used to purchase owner occupied residential property, regardless of how the security is

12  extinguished, by foreclosure sale, short sale, or otherwise. (E.g., Coker v. JPMorgan Chase Bank,

13  N.A. (2015) 62 Cal.4th 667, 685-86; Alborzian v. JPMorgan Chase Bank, N.A. (2015) 235

14  Cal.App.4th 29, 36-38; Spangler v. Memel (1972) 7 Cal.3d 603, 609-612; Brown v. Jensen

15  (1953) 41 Cal.2d 193, 197-99.)

16       17.     Defendants sent all members of the Class, like Plaintiffs, a debt collection letter in

17  the form of Exhibits "A" and/or "C" after a foreclosure or short sale of a first mortgage on a home

18  seeking to collect a claimed deficiency balance on a purchase money second mortgage or

19  purchase money home equity line of credit.

20       18.     These collection letters press Class members to make substantial payments on

21  purchase money deficiencies after foreclosures and short sales by stating and/or clearly implying

22  that Class members remain personally liable to pay balances section 580b shields them from

23  being personally liable to pay.

24       19.     Defendants have continued to report Plaintiffs' and the Class's purchase money

25  second mortgages and purchase money home equity lines of credit to Experian, Equifax, or

26  TransUnion as having as having an outstanding balance owing and/or otherwise as currently

27  delinquent after a foreclosure or short sale.

28

## CLASS ACTION ALLEGATIONS

20.   Plaintiffs bring this action as a class action on behalf of themselves and all members of the proposed plaintiff Class defined above.

21.   The Class is ascertainable because its members can be determined from Defendants' business records and/or the above definition of the Class is sufficient to enable members of the Class to identify themselves as members of the Class.

22.   The members of the Class are so numerous that individual joinder of all Class members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that there are numerous members in the Class, although the precise size of the Class has not yet been ascertained.

23.   Class-wide common questions of law and fact exist and predominate over questions affecting only individual Class members. Common questions include, but are not limited to:

a.   Defendants' common business practice of sending collection letters in the form of Exhibits "A" and "C" to Plaintiffs and the Class.

b.   Whether Defendants' uniform collection letters to Plaintiffs and the Class violate Civil Code section 1788.17 by using false, deceptive, and misleading representations or means to collect a debt.

c.   Whether Defendants' uniform collection letters to Plaintiffs and the Class constitute an unlawful and/or fraudulent business practice, and/or false or deceptive advertising, in violation of Business & Professions Code §§ 17200 et seq. and §§ 17500 et seq.

d.   Whether Defendants' credit reporting practices after foreclosures or short sales with respect to the purchase money second mortgages and purchase money home equity lines of credit of Plaintiffs and the Class violate Civil Code sections 1788.17 and 1785.25 and Business & Professions Code §§ 17200 et seq. and §§ 17500 et seq.

24.   Plaintiffs' claims are typical of the claims of the members of the Class.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION
PRACTICES ACT, CONSUMER CREDIT REPORTING AGENCIES ACT, AND UNFAIR COMPETITION
LAW; DEMAND FOR JURY TRIAL                                                                  6

1     25.    Plaintiffs are adequate representatives of the Class because (a) their interests do

2  not conflict with the interests of the individual members of the Class they seek to represent; (b)

3  they have retained counsel who are competent and experienced in complex class action litigation;

4  and (c) they intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and

5  adequately protect the interests of the Class.

6     26.    A class action is superior to other available means for the fair and efficient

7  adjudication of the claims of Plaintiffs and the Class. Their claims are too small to practicably

8  permit pursuit on an individual basis, even though the Class members' rights have been violated

9  by Defendants' practice. Hence, the Class members' common claims can only be economically

10  adjudicated in a class action.

11                  **FIRST CAUSE OF ACTION**

For Violations of the Rosenthal Fair Debt Collection Practices Act Civil Code §§ 1788 et seq.

12                  (Against ALL DEFENDANTS)

13     27.    Plaintiffs reallege and incorporate all of the preceding allegations as though stated

14  in full in this cause of action.

15     28.    In sending the uniform debt collection letters to Plaintiffs and the members of the

16  Class, Defendants were acting and continue to act as persons who, in the ordinary course of

17  business, regularly, on behalf of themselves or others, engage in debt collection. Defendants were

18  and continue to be "debt collectors" within the meaning of Civil Code section 1788.2(c).

19     29.    Defendants violated Civil Code section 1788.17 by using false, deceptive, and

20  misleading representations and means in connection with the collection of the purchase money

21  second mortgages and purchase money home equity lines of credit of Plaintiffs and the Class.

22     30.    Defendants' form letters were false, deceptive, and misleading because:

23     a.    They falsely and deceptively represented to the least sophisticated consumer the

24           character, amount, and legal status of a deficiency following a foreclosure or short

25           sale because under section 580b, a borrower is not personally liable to pay any

26           deficiency balance that may remain on a purchase money second mortgage or

27           purchase money home equity line of credit after a foreclosure or short sale, no

28

---

1    amount is due from the borrower, and the loan balance owed by the borrower is

2    zero;

3        b.    They falsely and deceptively represented to the least sophisticated consumer that

4    the borrower is personally liable to pay a deficiency balance, when in fact under

5    section 580b, a borrower is not personally liable to pay any deficiency balance that

6    may remain on a purchase money second mortgage or purchase money home

7    equity line of credit after a foreclosure or short sale, no amount is due from the

8    borrower, and the loan balance owed by the borrower is zero;  and

9        c.    They falsely and deceptively threatened to the least sophisticated consumer that

10    the lien securing the purchase money second mortgage or purchase money home

11    equity line of credit was still in place or "active," and that paying NATIONSTAR

12    would result in release of the lien, when in fact the lien had already been

13    extinguished by the prior foreclosure or short sale.

14        31.    These false, deceptive, and misleading representations or means were likely to

15    deceive the least sophisticated consumer.

16        32.    Plaintiffs have suffered general, specific, actual, and other damages as will be

17    shown at trial.

18    **SECOND CAUSE OF ACTION**
For Violation of Consumer Credit Reporting Agencies Act, Civil Code §§ 1785.1 et seq.

19    (Against ALL DEFENDANTS)

20        33.    Plaintiffs reallege and incorporate all of the preceding allegations as though stated

21    in full in this cause of action.

22        34.    Following foreclosures or short sales of the homes of Plaintiffs and the members

23    of the Class, Defendants engaged in a uniform business practice of reporting purchase money

24    second mortgages and purchase money home equity lines of credit covered by section 580b to

25    Experian, Equifax or TransUnion after a foreclosure or short sale as having an outstanding

26    balance owing and/or otherwise as currently delinquent.

27        35.    Defendants' reports are incomplete, inaccurate, and misleading. Defendants'

28

1    reports indicate that the borrower owes a deficiency balance on a purchase money loan after a

2    foreclosure or short sale, remains personally liable to pay the balance, has failed to pay a debt for

3    which the borrower is personally liable, and is currently delinquent. In fact, under section 580b

4    after a foreclosure or short sale, the balance the borrower owes on a purchase money second

5    mortgage loan or purchase money home equity line of credit is zero, the borrower is not

6    personally liable to pay any amount, has not failed to pay a debt for which the borrower is

7    personally liable, and is not currently delinquent.

8         36.    Defendants knew or should know that their reports are incomplete, inaccurate, and

9    misleading, but nevertheless have reported and continue to report purchase money second

10   mortgages and purchase money home equity lines of credit covered by section 580b to Experian,

11   Equifax or TransUnion as having an outstanding balance owing and/or otherwise as currently

12   delinquent, when in fact under section 580b after a foreclosure or short sale, the balance the

13   borrower owes on a purchase money second mortgage loan or purchase money home equity line

14   of credit is zero, the borrower is not personally liable to pay any amount, has not failed to pay a

15   debt for which the borrower is personally liable, and is not currently delinquent.

16        37.    Defendants' practice of so reporting has caused and continues to cause damage to

17   Plaintiffs and the Class by reporting an inaccurate and/or incomplete trade line on their credit

18   reports indicating that they have outstanding balances owing and/or are otherwise currently

19   delinquent on their purchase money second mortgage loans or purchase money home equity lines

20   of credit after a foreclosure or short sale.  These reports unlawfully reduce the credit scores of

21   Plaintiffs and the Class, impede or prevent them from obtaining credit, and/or result in higher

22   costs of credit.

23        38.    Defendants' practice of so reporting willfully violates Civil Code § 1785.25, subd.

24   (a).

25        39.    Plaintiffs have suffered general, specific, actual, and other damages as will be

26   shown at trial.

27   //

28

**THIRD CAUSE OF ACTION**
For Violation of the Unfair Competition Law – Unlawful Business Practice Business &
Professions Code §§ 17200 et seq.
(Against ALL DEFENDANTS)

40.    Plaintiffs reallege and incorporate all of the preceding allegations as though stated in full in this cause of action.

41.    Defendants have engaged and continue to engage in unlawful business practices under California Business & Professions Code Section 17200 et seq. by violating the following statutes as alleged above: Civil Code § 1788.17 and Civil Code §1785.25, subd. (a).

42.    Plaintiffs, or some of them, have suffered some injury in fact and lost some money or property as a result of these unlawful practices. Specifically, Plaintiffs have lost money or property attempting to determine the validity of the alleged debt, and attempting to remove the alleged deficiency balance from their credit reports.

43.    Defendants will continue these unlawful practices unless restrained and enjoined by this Court. Under Business & Professions Code section 17203, restraining orders and preliminary and permanent injunctive relief are warranted and authorized to protect the public.

**FOURTH CAUSE OF ACTION**
For Violation of the Unfair Competition Law and False Advertising Law Fraudulent Business
Practice and False Advertising. Business & Professions Code §§ 17200 et seq. & §§ 17500 et seq.
(Against ALL DEFENDANTS)

44.    Plaintiffs reallege and incorporate all of the preceding allegations as though stated in full in this cause of action.

45.    Defendants have engaged and continue to engage in fraudulent business practices and false and deceptive advertising in violation of California Business & Professions Code sections 17200 et seq. and sections 17500 et seq. by sending Plaintiffs and the members of the Class the collection letters in the form attached as Exhibits "A" and/or "C" and by reporting purchase money second mortgages and purchase money home equity lines of credit covered by section 580b to Experian, Equifax or TransUnion as having an outstanding balance owing and/or otherwise as currently delinquent after foreclosures or short sale.

46.    Defendants will continue their fraudulent business practices and false and

1    deceptive advertising unless restrained and enjoined by this Court. Under Business & Professions

2    Code section 17203, restraining orders and preliminary and permanent injunctive relief are

3    warranted and authorized to protect the public.

4         47.    Plaintiffs, or some of them, have suffered some injury in fact as a result of

5    Defendants' fraudulent business practices and false and deceptive advertising.

6                                    **RELIEF SOUGHT**

7    Plaintiffs request relief for themselves and all members of the Class as follows:

8    a.    An Order certifying the proposed Plaintiff Class under Code of Civil Procedure

9          section 382 and appointing Plaintiffs and their counsel of record to represent the

10         Class.

11   b.    Preliminary and permanent injunctive relief enjoining Defendants from continuing

12         to violate Civil Code § 1788.17, Civil Code §1785.25, subd. (a), Business &

13         Professions Code § 17200, and Business & Professions Code § 17500 as alleged

14         above.

15   c.    An Order restoring to Plaintiffs and to the members of the Class all money or

16         property Defendants have acquired by means of the practices alleged above.

17   d.    An award of statutory damages to Plaintiffs and the Class pursuant to Civil Code §

18         1788.17;

19   e.    An award of general, actual, and other damages sustained by Plaintiffs and the

20         members of the Class as a result of Defendants' violations of Civil Code § 1788.17

21         and Civil Code §1785.25, subd. (a).

22   f.    Punitive damages for Plaintiffs and the Class pursuant to Civil Code §1785.31,

23         subd. (a)(2)(B).

24   g.    Punitive damages for Plaintiffs and the Class pursuant to Civil Code §1785.31,

25         subd. (c).

26   h.    An award of attorney's fees and expenses of litigation to Plaintiffs' counsel as

27         provided by law.

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION
PRACTICES ACT, CONSUMER CREDIT REPORTING AGENCIES ACT, AND UNFAIR COMPETITION
LAW; DEMAND FOR JURY TRIAL                                                    11

1      i.     Pre-judgment interest.

2      j.     Costs of suit.

3      k.     Such other and further legal and equitable relief as this Court may deem proper.

4

5  DATED: March 23, 2017

6                   ARTHUR D. LEVY (SB #95659)

                      NOAH ZINNER (SB #247581)

7                   HOUSING AND ECONOMIC RIGHTS ADVOCATES

8                   BRYAN KEMNITZER (SB # 66401)

                      KRISTIN KEMNITZER (SB # 278946)

9                   KEMNITZER, BARRON & KRIEG, LLP

10                 Attorneys for Plaintiffs TAQUELIA WASHINGTON

11                TOLAND and GEORGIA TOLAND Individually and on

                   Behalf of All Others Similarly Situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs demand trial by jury of each and every issue so triable.

3

4    DATED: March 23, 2017

5                                           ARTHUR D. LEVY (SB #95659)
                                            NOAH ZINNER (SB #247581)
                                            HOUSING AND ECONOMIC RIGHTS ADVOCATES

6

7                                           BRYAN KEMNITZER (SB # 66401)
                                            KRISTIN KEMNITZER (SB # 278946)
8                                           KEMNITZER, BARRON & KRIEG, LLP

9                                           Attorneys for Plaintiffs
                                            TAQUELIA WASHINGTON TOLAND and GEORGIA
10                                          TOLAND
                                            Individually and on Behalf of
11                                          All Others Similarly Situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION
PRACTICES ACT, CONSUMER CREDIT REPORTING AGENCIES ACT, AND UNFAIR COMPETITION
LAW; DEMAND FOR JURY TRIAL                                                    13



PO BOX 3572
COPPELL TX 75019
CHANGE SERVICE REQUESTED

## What we do

Solutions for You

REDACTED

PERSONAL & CONFIDENTIAL
GEORGIA TOLAND

10/10/2016

*☓ emailed request copy of original loan document 10/18/16
to email address noted below.*

Notice: Important state disclosure information on the back of this letter.

**BALANCE DUE: $97,514.31**

**REDUCED PAYOFF OFFER: $24,378.58**

**YOU SAVE: $73,135.73**

Pay the reduced payoff amount listed above to settle this debt in full.

Why should you pay?

• **Satisfaction of Mortgage** – The mortgage satisfaction will be recorded with the property county recorder's office, releasing the lien for this mortgage debt from your property.

• **Eliminate Debt** – This loan will be closed with no further balance due.

• **Step Toward Creating Equity** – Reducing your total mortgage debt will only help you towards creating positive equity on your property investment.

• **Peace of Mind** – After you pay, the final communication you will receive from anyone regarding this debt will be our "settled in full" confirmation letter, reflecting a $0.00 balance due.

• **Options for Payment** – We accept Check, Money Order, Cashier's Check, Bank Wire, Credit/Debit Card Payment. You can pay over the phone, send payment in the mail or pay online with no convenience fee to you.

Other Options:  Call us to discuss settling this debt in affordable monthly payments.

• We may be able to approve a lesser amount for reduced payoff if we have more details from you.

• We also have options to help you resolve the debt such as balance reduction plans and match pay – call us now for details.

### 2nd Mortgage Debt

Veripro Account Number:

Last 4 of Previous Loan Number:

Original Creditor: Bank of America, N.A.

Property Address: 1318 B STREET UNIT
B208, HAYWARD, CA 94541

Call us 7a-8p CST M-Fr:
888.967.9700

Payment Address:
Veripro Solutions Inc.
P.O. Box 3244
Coppell, TX 75019

Email us:
correspondence@veriprosolutions.com

Visit us Online:
www.veriprosolutions.com

Please be sure to include Veripro Account Number on the remittance

*750 E Highway 121, Suite 100, Lewisville, TX 75067 | P.O. Box 3244, Coppell, TX 75019 | Phone: 888-967-9700 | Fax: 877-492-6160 | Business Hours: 8AM to 8PM CST | www.veriprosolutions.com | Se Habla Español*
*Veripro Solutions Inc.(formerly known as NSM Recovery Services Inc.) is a Nationstar Mortgage LLC company. Veripro is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this letter is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged but is provided for informational purposes only. If you are represented by an attorney, please provide this notice to your attorney*

200NVSOL 000448P 1 559 000412 284 106445 S-NOCRE



**Veripro Solutions**

**NOTICE TO ALL CONSUMERS: THE FOLLOWING STATES REQUIRE US TO GIVE SPECIAL NOTICES TO THEIR RESIDENTS. CONSUMERS IN OTHER STATES MAY HAVE SIMILAR OR GREATER RIGHTS AND THESE STATE-SPECIFIC NOTICES DO NOT LIMIT OR RESTRICT THE RIGHTS AFFORDED BY FEDERAL LAW OR OTHER STATE LAWS.**

No State Disclosure

Your acceptance of and performance under this offer assumes that the collateral property for this loan will not be sold or refinanced at any point during the duration of this settlement term. If at any point during the payment period under this offer and before the final due date as stated herein, we are asked to provide a payoff in connection with any transaction involving the collateral property for this loan including but not limited to the sale, transfer or refinance of said property we will provide the full balance due payoff, not the discounted settlement offer amount approved in this offer today. To the extent if we find that the funds received on this offer originated from proceeds involved in the sale, transfer or refinance of the collateral property for this loan, all sums paid will be credited to the unpaid principal balance, but Veripro will be under no obligation to release your lien.

Unless your debt was already included in a bankruptcy discharge, if we accept an amount as a reduced payoff or settlement that is less than the full balance you owe, we are required to report the portion of the balance that we cancelled or forgave to the IRS. The form you may receive is a 1099-C (Cancellation of Debt) form. Based on the Consolidated Appropriations Act of 2016, Public Law 114-113 (129 Stat. 2242; 887 pages), you may avoid or reduce the amount of cancelled debt on which you have to pay taxes due to the exclusion based on the cancellation of qualified principal residence indebtedness. The extension applies to debt discharged before January 1, 2017 and is retroactive to discharges since the beginning of 2015. Please contact your tax advisor for any other questions you may have regarding this.

750 E Highway 121, Suite 100, Lewisville, TX 75067 | P.O. Box 3244, Coppell, TX 75019 | Phone: 888-967-9700 | Fax: 877-492-6160 | Business Hours: 8AM to 8PM CST | www.veriprosolutions.com | Se Habla Español

Veripro Solutions Inc. (formerly known as NSM Recovery Service Inc.) is a Nationstar Mortgage LLC company. Veripro is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this letter is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged but is provided for informational purposes only. If you are represented by an attorney, please provide this notice to your attorney

**EXHIBIT B**

PO BOX 3572
COPPELL TX 75019
CHANGE SERVICE REQUESTED



# What we do

Solutions for You

REDACTED



**PERSONAL & CONFIDENTIAL**
TAQUELIA N WASHINGTON

01/12/2017

Notice: Important state disclosure information on the back of this letter.

## BALANCE DUE: $97,514.31

## REDUCED PAYOFF OFFER: $29,254.29

**YOU SAVE: $68,260.02**

<u>**Pay the reduced payoff amount listed above to settle this debt in full.**</u>

**Why should you pay?**

• <u>Satisfaction of Mortgage</u> – The mortgage satisfaction will be recorded with the property county recorder's office, releasing the lien for this mortgage debt from your property.

• <u>Eliminate Debt</u> – This loan will be closed with no further balance due.

• <u>Step Toward Creating Equity</u> – Reducing your total mortgage debt will only help you towards creating positive equity on your property investment.

• <u>Peace of Mind</u> – After you pay, the final communication you will receive from anyone regarding this debt will be our "settled in full" confirmation letter, reflecting a $0.00 balance due.

• <u>Options for Payment</u> – We accept Check, Money Order, Cashier's Check, Bank Wire, Credit/Debit Card Payment. You can pay over the phone, send payment in the mail or pay online with no convenience fee to you.

<u>**Other Options: Call us to discuss settling this debt in affordable monthly payments.**</u>

• We may be able to approve a lesser amount for reduced payoff if we have more details from you.

• We also have options to help you resolve the debt such as balance reduction plans and match pay – call us now for details.

### 2nd Mortgage Debt

Veripro Account Number:

Last 4 of Previous Loan Number:

Original Creditor: Bank of America, N.A.

Property Address: 1318 B STREET UNIT B208, HAYWARD, CA  94541

Call us 7a-8p CST M-Fr:
888.967.9700

**Payment Address:**
Veripro Solutions Inc.
P.O. Box 3244
Coppell, TX  75019

<u>Email us:</u>
correspondence@veriprosolutions.com

<u>Visit us Online:</u>
www.veriprosolutions.com

<u>**Please be sure to include Veripro Account Number on the remittance**</u>

*750 E Highway 121, Suite 100, Lewisville, TX 75067 | P.O. Box 3244, Coppell, TX 75019 | Phone: 888-967-9700 | Fax: 877-492-6160 | Business Hours: 8AM to 8PM CST | www.veriprosolutions.com | Se Habla Español*
*Veripro Solutions Inc. (formerly known as NSM Recovery Services Inc.) is a Nationstar Mortgage LLC company. Veripro is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this letter is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged but is provided for informational purposes only. If you are represented by an attorney, please provide this notice to your attorney*

200NVSOL 002865P 1 661 000891 12 106445 S-NOCRE



# Veripro Solutions

**NOTICE TO ALL CONSUMERS: THE FOLLOWING STATES REQUIRE US TO GIVE SPECIAL NOTICES TO THEIR RESIDENTS. CONSUMERS IN OTHER STATES MAY HAVE SIMILAR OR GREATER RIGHTS AND THESE STATE-SPECIFIC NOTICES DO NOT LIMIT OR RESTRICT THE RIGHTS AFFORDED BY FEDERAL LAW OR OTHER STATE LAWS.**

No State Disclosure

Your acceptance of and performance under this offer assumes that the collateral property for this loan will not be sold or refinanced at any point during the duration of this settlement term. If at any point during the payment period under this offer and before the final due date as stated herein, we are asked to provide a payoff in connection with any transaction involving the collateral property for this loan including but not limited to the sale, transfer or refinance of said property we will provide the full balance due payoff, not the discounted settlement offer amount approved in this offer today. To the extent if we find that the funds received on this offer originated from proceeds involved in the sale, transfer or refinance of the collateral property for this loan, all sums paid will be credited to the unpaid principal balance, but Veripro will be under no obligation to release your lien.

*750 E Highway 121, Suite 100, Lewisville, TX 75067 | P.O. Box 3244, Coppell, TX 75019 | Phone: 888-967-9700 | Fax: 877-492-6160
| Business Hours: 8AM to 8PM CST | www.veriprosolutions.com | Se Habla Español
Veripro Solutions Inc.(formerly known as NSM Recovery Services Inc.) is a Nationstar Mortgage LLC company. Veripro is a debt collector. This is an attempt to
collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this
letter is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged but is provided for informational
purposes only. If you are represented by an attorney, please provide this notice to your attorney*

**EXHIBIT C**



## Veripro Solutions

REDACTED

Last 4 of Previous Loan Number:
Original Creditor:      Bank of America, N.A.
Current Balance:        $97,514.31
Property Address:       1318 B STREET UNIT B208, HAYWARD, CA 94541

02/09/2017

Re: Veripro Account Number:

Dear Borrower:

After review of the above referenced account, you remain responsible for $97,514.31 mortgage lien that is still active and filed on the above referenced property address. It is our desire to work with you to create a solution to eliminate this mortgage debt against your property.

Below are a few of the many possible payment options available in order to settle this account.

**Lump Sum Settlement**
1 Time Payment of $24,378.58

**Multi-Part Settlement**
12 payments of $2,437.86 for a total of $29,254.29

The benefits of accepting our reduced payoff – Settlement options are:
- You will save thousands of dollars by paying off the balance at a fraction of what is owed
- You will avoid any further collection
- Upon full payment of the settlement amount, the necessary documents will be forwarded to the Trustee and/or County Recorder's Office to release our lien

If this is not feasible, we may still be able to help substantially reduce your balance owed and set up a repayment plan based on the new remaining balance.

**Monthly Pay Plan**
Down Payment of $350.00, followed by monthly installments of $250.00 until the full balance of $97,514.31 is paid.

This offer is only good for 15 days from the date of this letter.
Therefore, the settlement amount is subject to change. Please be sure to include your Veripro Account number on the remittance.
Call us today at 888-567-9700 to discuss these options before it is too late.

We want to hear from you - If you don't have time to talk, we'd like an email instead at your convenience:
- Have a question about your account?
- Want to know more about your options?
- Want to give us information about your account or your situation?
- Want to submit an offer for us to review?

We will respond within 48 hours of receipt of your email.

Email address:  paymyhomdirect@veriprosolutions.com

Visit our website to explore Options now at:
http://www.veriprosolutions.com

Sincerely,
Veripro Solutions Inc.



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

   o   **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

   o   **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

   o   **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                      FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY** | |
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME | |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

   Date:                          Time:                          Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration

   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF DEFENDANT)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)