UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAQUELIA WASHINGTON TOLAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>Defendants. | Case No. 3:17-cv-02575-JD<br><br>**ORDER RE REMAND**<br><br>Re: Dkt. No. 12 |

Plaintiffs filed this putative class action in California state court alleging that defendants' debt collection and debt reporting practices violate California law. Defendants removed to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). *See* Dkt. No. 1. Plaintiffs challenge removal on the ground that defendants cannot establish the $5,000,000 minimum amount in controversy that CAFA requires. Dkt. No. 12. After oral argument, the parties submitted supplemental briefs and declarations on the amount in controversy. Dkt. Nos. 35, 36. Defendants have shown by a preponderance of the evidence that the lawsuit places at least $5,000,000 in controversy. The motion to remand is denied.

**LEGAL STANDARD**

"When, as here, a defendant's assertion of the amount in controversy is challenged, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)) (internal quotation marks and ellipses omitted). Defendants bear the burden of proof and must "persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "[W]hen the defendant

relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones." *LaCross*, 775 F.3d at 1202 (citing *Ibarra*, 775 F.3d at 1199). *See generally Chin v. Cole Haan, LLC*, No. 16-CV-02154-JD, 2016 WL 7211841, at *1 (N.D. Cal. Dec. 13, 2016).

## DISCUSSION

As alleged in the complaint, plaintiffs purchased and moved into a condo in Hayward, California in 2006. They took out a purchase-money first mortgage and a purchase-money second mortgage. Plaintiffs defaulted on the first mortgage and in 2012, the condo was sold in a non-judicial foreclosure that left an unsatisfied balance on the second mortgage. Plaintiffs say they are not personally liable under California law for the deficiency on the second mortgage, but that defendants Nationstar Mortgage LLC and Veripro Solutions Inc. still sent them letters stating that they had balances due and encouraging them to "Pay the reduced payoff amount listed above to settle this debt in full." *See, e.g.*, Dkt. No. 1 at 23, 36. Defendants also reported plaintiffs' second mortgages to credit agencies as delinquent.

Plaintiffs allege that these debt collection letters and credit reporting practices are negligent and willful violations of the Rosenthal Fair Debt Collection Practices Act, the Consumer Credit Reporting Agencies Act ("CCRAA"), and the Unfair Competition Law. They seek to sue on behalf of all persons who "obtained a second mortgage, or home equity line of credit, secured by a deed of trust on property located in California . . . and, after a foreclosure or short sale of the dwelling, any of the defendants (1) sent the person a letter in the form of Exhibits 'A' and/or 'C' within the period beginning four years preceding the filing of this action and continuing until the date of Judgment; and/or (2) reported such person's second mortgage loan or home equity line of credit to one or more of the credit reporting agencies." *Id.* at 20.

Plaintiffs seek, among other relief, punitive damages under the CCRAA. *Id.* at 29. That statute provides for up to $5,000 in punitive damages for willful violations and allows plaintiffs to sue up to "seven years from the earliest date on which liability could have arisen." Cal. Civ. Code §§ 1785.31(2)(B), 1785.33. The parties do not dispute that as alleged on the face of the complaint, each member of the proposed class would be eligible to seek $5,000 in punitive damages.

Consequently, the Court has jurisdiction under CAFA if the putative class has at least 1,000 members.

Defendants' supplemental brief and declaration establish that there are likely at least 1,000 members in the putative class. The complaint was filed March 2017, and the proposed class period begins in March 2013. As of July 2017, Nationstar identified 6,882 loans that it services with junior mortgages or home equity lines of credit secured by real property in California that were "charged off" after March 2013. Dkt. No. 18-1 at 2. Nationstar's general practice is to charge off junior liens if the proceeds of a trustee's sale on a senior lien are not sufficient to satisfy the junior lien. Dkt. No. 18-2 at 2-3. Charged-off balances are reported to credit reporting agencies the following month. Dkt. No. 18-3 at 2. Because Nationstar cannot identify potential class members without manually reviewing its files, it surveyed the 6,882 loans to estimate what proportion of those loans were purchase-money loans charged off as a result of foreclosure on a senior lien.[1] Nationstar selected 105 files at random after excluding a subset of loans charged off before Nationstar acquired those servicing rights, since it was less likely that Nationstar had all the necessary records related to those loans. Dkt. No. 35-1 at 3. For 52 loan files, Nationstar was unable to determine the purpose of the loan at all. For the remaining 53 loan files, Nationstar found that 10 were purchase-money loans charged off as a result of a foreclosure on a senior lien. *Id.* Extrapolating to the 6,882 loans as a whole, Nationstar estimates that there are around 1,300 putative class members.

Plaintiffs object that because Nationstar excluded files for which it did not have complete records, Nationstar cannot extrapolate from the sample of 53 to the pool of 6,882 total loans. *See* Dkt. No. 36 at 3. Contrary to what plaintiffs' briefing appears to suggest, Nationstar is not required to prove the amount in controversy within a 99 percent confidence interval. Nationstar is subject to a preponderance of the evidence standard, and it may rely on reasonable assumptions and inferences to show the amount in controversy. Here, plaintiffs argue that Nationstar's

---

[1] The declaration from the Nationstar employee who ran the query actually states that he identified 6,882 such loans, but a later declaration refers to 6,822 loans. *See* Dkt. No. 35-1 at 3. Regardless of whether there were 6,882 loans or 6,822 loans, Nationstar has established that there are likely at least 1,000 members in the putative class.

3

sampling method is subject to "frame bias" and "statistical uncertainty" but have not identified any reason to believe that class members are over-represented in the sample of 53 loans that Nationstar examined. Consequently, the Court finds that Nationstar has satisfied its burden of proof and shown that at least $5,000,000 is in controversy.

## CONCLUSION

The motion to remand is denied. The stay is lifted. The Court sets a case management conference for **October 18, 2018**. A joint case management statement is due by **October 11, 2018**.

**IT IS SO ORDERED.**

Dated: July 13, 2018

JAMES DONATO
United States District Judge