1  JOHN B. SULLIVAN (State Bar No. 96742)
   jbs@severson.com
2  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
3  ERIK KEMP (State Bar No. 246196)
   ek@severson.com
4  LASZLO LADI (State Bar No. 265564)
   ll@severson.com
5  SEVERSON & WERSON
   A Professional Corporation
6  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
7  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
8
   Attorneys for Defendants
9  NATIONSTAR MORTGAGE LLC and
   VERIPRO SOLUTIONS INC.
10

11              **UNITED STATES DISTRICT COURT**

12             **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  TAQUELIA WASHINGTON TOLAND and GEORGIA TOLAND, individually and on 15  behalf of All Others Similarly Situated, | Case No. 3:17-cv-02575-JD |
| 16              Plaintiffs, | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 17          vs. | |
| 18  NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; 19  VERIPRO SOLUTIONS INC., a Delaware corporation, and DOES 1 through 20, | |
| 20              Defendants. | Date:      August 13, 2020<br>Time:     10:00 a.m.<br>Crtrm.:  11<br>Judge:   Hon. James Donato |
| 21 | Action Filed:      March 24, 2017 |

22

23  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24          **PLEASE TAKE NOTICE** that on August 13, 2020 at 10:00 a.m. or as soon thereafter as

25  the matter may be heard, in courtroom 11, 19th floor of the above-entitled Court, located at 450

26  Golden Gate Avenue, San Francisco, California 94102, defendants Nationstar Mortgage LLC and

27  Veripro Solutions, Inc. will and hereby do move for summary judgment or, in the alternative,

28

1  partial summary judgment on each of plaintiffs Tacquelia Washington-Toland and Georgia

2  Toland's claims for relief.

3       This motion for summary judgment is brought under Rule 56 of the Federal Rules of Civil

4  Procedure on the ground that there is no genuine issue of material fact on the claims in plaintiffs'

5  complaint.  The alternative motion for partial summary judgment is made on the ground that there

6  is no genuine issue of material fact on each of plaintiffs' individual claims for relief, plaintiffs'

7  prayer for actual and statutory damages under the Rosenthal Fair Debt Collection Practices Act,

8  and plaintiffs' prayer for punitive damages under the California Consumer Credit Reporting

9  Agencies Act.

10       The motion is based on this notice, the accompanying memorandum of points and

11  authorities, the previously filed declaration of Phillip Livingston in Opposition to Plaintiffs'

12  Motion for Class Certification, the previously filed declaration of A.J. Loll in Opposition to

13  Plaintiffs' Motion for Class Certification, the previously filed declaration of Erik Kemp in

14  Opposition to Plaintiffs' Motion for Class Certification, the accompanying Declaration of Erik

15  Kemp in Support of Defendants' Motion for Summary Judgment, all other pleadings and records

16  on file in this case, and upon such argument as the Court may consider at the hearing on this

17  matter.

18

19   DATED:  April 20, 2020                SEVERSON & WERSON
                                           A Professional Corporation
20

21                                         By:  _____
                                                      /s/ Erik Kemp
22                                                   ERIK KEMP

23                                         Attorneys for Defendants
                                           NATIONSTAR MORTGAGE LLC and VERIPRO
24                                         SOLUTIONS INC.

25

26

27

28

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

I. INTRODUCTION................................................................................................................1

II. STATEMENT OF UNDISPUTED FACTS .......................................................................3

    A.    Veripro's Collection Practices ............................................................................3

III. SUMMARY JUDGMENT STANDARDS.........................................................................5

IV. THE COURT SHOULD GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.........................................................................................................................7

    A.    Summary Judgment Should Be Granted on Plaintiffs' Rosenthal Act Claim..........7

        1.    The Bona Fide Error Defense Bars Plaintiffs' Rosenthal Act Claim............7

        2.    Alternatively, Partial Summary Judgment Should Granted on Plaintiffs' Claim for Actual Damages ......................................................11

        3.    Alternatively, Partial Summary Judgment Should Be Granted on Plaintiffs' Statutory Damages Claim.........................................................12

    B.    Summary Judgment Should Be Granted on Plaintiffs' CCRAA Claim ................13

        1.    Nationstar Did Not Furnish Any Inaccurate Information ........................13

        2.    Nationstar Had No Actual or Presumed Knowledge of Falsity.................17

        3.    Plaintiffs Suffered No Actual Damages ...................................................18

        4.    Alternatively, Partial Summary Judgment Should Be Granted on Plaintiffs' Claim for Punitive Damages.....................................................19

    C.    Summary Judgment Should Be Granted on Plaintiffs' UCL Claims ....................21

        1.    Plaintiffs Cannot Show Defendants Committed Any "Unlawful" Practice....................................................................................................21

        2.    Plaintiffs Cannot Show Defendants Committed Any "Deceptive" Practice or Disseminated Any False Advertising....................................22

        3.    Plaintiffs Are Not Entitled to Any Available Remedies ...........................23

V. CONCLUSION .................................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdelfattah v. Carrington Mortg. Servs. LLC*,
   No. C-12-04656-RMW, 2013 U.S. Dist. LEXIS 17517 (N.D. Cal. Feb. 7, 2013)...........14, 16

*Abdollahzadeh v. Mandarich Law Grp., LLP*,
   922 F.3d 810 (7th Cir. 2019) ................................................................................... 10

*Aki Oya v. Wells Fargo Bank, N.A*,
   No. 3:18-cv-01999-H-BGS, 2018 U.S. Dist. LEXIS 189221 (S.D. Cal. Nov. 2,
   2018).......................................................................................................................... 17

*Alborzian v. JPMorgan Chase Bank, N.A.*,
   235 Cal. App. 4th 29 (2015)..................................................................................... 14

*Ammons v. Diversified Adjustment Serv.*,
   No. 2:18-cv-06489-ODW, 2019 U.S. Dist. LEXIS 175842 (C.D. Cal. Oct. 9,
   2019).......................................................................................................................... 12

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..................................................................................................... 6

*Arnold v. Bayview Loan Servicing, LLC*,
   659 F. App'x 568 (11th Cir. 2016).............................................................................. 9

*Arteaga v. Asset Acceptance, LLC*,
   733 F. Supp. 2d 1218 (E.D. Cal. 2010)..................................................................... 11

*Banga v. First USA, NA*,
   29 F. Supp. 3d 1270 (N.D. Cal. 2014)..................................................................18, 19, 21

*Bank of the West v. Superior Court*,
   2 Cal. 4th 1254 (1992) .............................................................................................. 22

*Banneck v. HSBC Bank USA, N.A.*,
   No. 15-cv-02250-HSG, 2016 U.S. Dist. LEXIS 79980 (N.D. Cal. June 20,
   2016).......................................................................................................................... 21

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) .....................................................................................8, 9

*Berryman v. Merit Prop. Mgmt., Inc.*,
   152 Cal. App. 4th 1544 (2007) ................................................................................. 23

*Bigge Crane & Rigging Co. v. Workers' Comp. Appeals Bd.*,
   188 Cal. App. 4th 1330 (2010) ........................................................................ 19

*Brakke v. Econ. Concepts, Inc.*,
   213 Cal. App. 4th 761 (2013) ........................................................................ 23

*Burns v. Bank of Am.*,
   655 F. Supp. 2d 240 (S.D.N.Y. 2008), *aff'd*, 360 F. App'x 255 (2d Cir. 2010) ................... 19

*In re Burns*,
   974 F.2d 1064 (9th Cir. 1992) ........................................................................ 20

*Burrows v. Experian Info. Sols., Inc.*,
   No. 16-cv-06356-PJH, 2017 U.S. Dist. LEXIS 39845 (N.D. Cal. Mar. 20, 2017) ............... 18

*Byars v. SCME Mortg. Bankers, Inc.*,
   109 Cal. App. 4th 1134 (2003) ........................................................................ 22

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*,
   213 F.3d 474 (9th Cir. 2000) ........................................................................ 6

*Cal. Fed. Sav. & Loan Ass'n v. City of L.A.*,
   11 Cal. 4th 342 (1995) ........................................................................ 16

*Camacho v. Jefferson Capital Sys., LLC*,
   No. 14-cv-02728-BLF, 2015 U.S. Dist. LEXIS 72030 (N.D. Cal. May 29,
   2015) ........................................................................9, 11

*Carvalho v. Equifax Info. Servs., LLC*,
   629 F.3d 876 (9th Cir. 2010) ........................................................................ 13

*Cavalry SPV I, LLC v. Watkins*,
   36 Cal. App. 5th 1070 (2019) ........................................................................ 17

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ........................................................................21, 22

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ........................................................................ 6

*Chapman v. Skype Inc.*,
   220 Cal. App. 4th 217 (2013) ........................................................................ 22

*Chavez v. Whirlpool Corp.*,
   93 Cal. App. 4th 363 (2001) ........................................................................ 21

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*,
   No. 12-cv-04000-EMC, 2016 U.S. Dist. LEXIS 93232 (N.D. Cal. July 18,
   2016) ........................................................................ 25

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983).................................................................................................. 24

*Clark v. Capital Credit & Collection Servs.*,
    460 F.3d 1162 (9th Cir. 2006) .................................................................................. 8

*Daugherty v. Am. Honda Motor Co., Inc.*,
    144 Cal. App. 4th 824 (2006) ................................................................................ 23

*Davis v. Ford Motor Credit Co. LLC*,
    179 Cal. App. 4th 581 (2009) ................................................................................ 21

*Davis v. Hollins Law*,
    25 F. Supp. 3d 1292 (E.D. Cal. 2014), *aff'd in part and rev'd in part on a
    different ground*, *Davis v. Hollins Law*, 832 F.3d 962 (9th Cir. 2016) ................................ 12

*Day v. AT&T Corp.*,
    63 Cal.App.4th 325 (1998)..................................................................................... 24

*Direct List Ltd. Liab. Co. v. Vistage Int'l, Inc.*,
    No. 15cv2025-WQH-JLB, 2016 U.S. Dist. LEXIS 152830 (S.D. Cal. Nov. 3,
    2016)....................................................................................................................... 25

*Erez v. Steur*,
    No. C12-2109RSM, 2014 U.S. Dist. LEXIS 159808 (W.D. Wash. Nov. 13,
    2014)......................................................................................................................... 9

*Gafcon, Inc. v. Ponsor & Associates*,
    98 Cal. App. 4th 1388 (2002) ................................................................................ 24

*Giovanni v. Bank of Am.*,
    No. C 12-02530 LB, 2013 U.S. Dist. LEXIS 55585 (N.D. Cal. Apr. 17, 2013).................. 22

*Gorman v. Wolpoff & Abramson, LLP*,
    584 F.3d 1147 (9th Cir. 2009) ............................................................................... 13

*Gray v. Ocwen Mortg. Servicing, Inc.*,
    No. 18-cv-01864-JD, 2019 U.S. Dist. LEXIS 121004 (N.D. Cal. July 19, 2019)
    (Donato, J.).................................................................................. 2, 14, 15, 16, 20

*Hangarter v. Provident Life & Accident Ins. Co.*,
    373 F.3d 998 (9th Cir. 2004) .................................................................................. 25

*Hauk v. JP Morgan Chase Bank USA*,
    552 F.3d 1114 (9th Cir. 2009) ............................................................................... 22

*Hellum v. Breyer*,
    194 Cal. App. 4th 1300 (2011) .............................................................................. 16

*Hernandez v. Affiliated Grp., Inc.*,
  No. 04CV4467 (JG), 2006 U.S. Dist. LEXIS 2557 (E.D.N.Y. Jan. 12, 2006) ...................... 9

*Herrera v. AllianceOne Receivable Mgmt.*,
  No. 14-cv-1844-BTM-WVG, 2016 U.S. Dist. LEXIS 168625 (S.D. Cal. Dec. 5,
  2016)........................................................................................................................... 17

*Herrera v. LCS Fin. Servs. Corp.*,
  No. C09-02843 TEH, 2009 U.S. Dist. LEXIS 81850 (N.D. Cal. Sep. 9, 2009) ..............14, 15

*Hodgers-Durgin v. de la Vina*,
  199 F.3d 1037 (9th Cir. 1999) ....................................................................................... 24

*Hyman v. Tate*,
  362 F.3d 965 (7th Cir. 2004) .........................................................................................9, 10

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003) ....................................................................................... 20

*Jarrow Formulas, Inc. v. LaMarche*,
  31 Cal. 4th 728 (2003) .................................................................................................. 15

*Jeffries v. Wood*,
  114 F.3d 1484 (9th Cir. 1997) ....................................................................................... 15

*Jenkins v. Heintz*,
  124 F.3d 824 (7th Cir. 1997) ......................................................................................... 10

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*,
  559 U.S. 573 (2010)......................................................................................................... 8

*Johns-Manville Sales Corp. v. Workers' Comp. Appeals Bd. (Horenberger)*,
  96 Cal. App. 3d 923 (1979) ............................................................................................ 19

*Johnson v. Riddle*,
  443 F.3d 723 (10th Cir. 2006) ......................................................................................... 8

*Johnson v. Wells Fargo Home Mortg., Inc.*,
  No. EDCV 13-01044-VAP, 2013 U.S. Dist. LEXIS 185345 (C.D. Cal. Sep. 13,
  2013).............................................................................................................................. 14

*Jugoz v. Experian Info. Sols., Inc.*,
  No. 16-cv-05687-MMC, 2017 U.S. Dist. LEXIS 97656 (N.D. Cal. June 23,
  2017).............................................................................................................................. 18

*Juras v. Aman Collection Serv.*,
  829 F.2d 739 (9th Cir. 1987) ........................................................................................... 8

*Klein v. United States*,
  50 Cal. 4th 68 (2010) ..................................................................................................... 15

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ...........................................................................................21, 23

*Kort v. Diversified Collection Servs.*,
    394 F.3d 530 (7th Cir. 2005)..........................................................................................8, 9

*Kunert v. Mission Fin. Servs. Corp.*,
    110 Cal. App. 4th 242 (2003) .......................................................................................... 21

*Kuns v. Ocwen Loan Servicing, Ltd. Liab. Co.*,
    611 F. App'x 398 (9th Cir. 2015) .................................................................................... 20

*Lazar v. Hertz Corp.*,
    69 Cal. App. 4th 1494 (1999) ......................................................................................... 22

*Lewis v. ACB Bus. Servs.*,
    135 F.3d 389 (6th Cir. 1998) ............................................................................................ 8

*Long v. Tommy Hilfiger U.S.A., Inc.*,
    671 F.3d 371 (3d Cir. 2012) ............................................................................................ 21

*Madrid v. Perot Systems Corp.*,
    130 Cal.App.4th 440 (2005)........................................................................................24, 25

*Marble Bridge Funding Grp., Inc. v. Euler Hermes Am. Credit Indem. Co.*,
    225 F. Supp. 3d 1034 (N.D. Cal. 2016).......................................................................... 24

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*,
    637 F.3d 939 (9th Cir. 2011) .........................................................................................8, 9

*Murphy v. Ocwen Loan Servicing, LLC*,
    No. 2:13-cv-00555-TLN-EFB, 2014 U.S. Dist. LEXIS 21573 (E.D. Cal. Feb.
    18, 2014).............................................................................................................14, 15, 20

*Natale v. TRW, Inc.*,
    No. C 97-3661 CRB, 1999 U.S. Dist. LEXIS 3882 (N.D. Cal. Mar. 30, 1999) ................... 21

*Nelsen v. King Cty.*,
    895 F.2d 1248 (9th Cir. 1990) ........................................................................................ 24

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*,
    210 F.3d 1099 (9th Cir. 2000) .......................................................................................... 6

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
    231 Cal. App. 3d 1089 (1991) ........................................................................................ 23

*Palmer v. I.C. Sys.*,
    No. C-04-03237 RMW, 2005 U.S. Dist. LEXIS 27946 (N.D. Cal. Nov. 8, 2005) ..........10, 11

*Pasquale v. Law Offices of Nelson & Kennard*,
   940 F. Supp. 2d 1151 (N.D. Cal. 2013) ............................................................................. 11

*Pension Tr. Fund v. Fed. Ins. Co.*,
   307 F.3d 944 (9th Cir. 2002) ............................................................................................. 23

*People v. Toomey*,
   157 Cal. App. 3d 1 (1984) ................................................................................................. 24

*Pickern v. Pier 1 Imports (U.S.), Inc.*,
   457 F.3d 963 (9th Cir. 2006) ............................................................................................... 6

*Prianto v. Experian Info. Sols., Inc.*,
   No. 13-cv-03461-TEH, 2014 U.S. Dist. LEXIS 94673 (N.D. Cal. July 10, 2014) .......... 14, 20

*Price v. Wells Fargo Bank*,
   213 Cal. App. 3d 465 (1989) ............................................................................................. 23

*Quigley v. Am. Claims Servs.*,
   No. 2:13-cv-01766-KJM-EFB, 2015 U.S. Dist. LEXIS 33801 (E.D. Cal. Mar.
   18, 2015) ............................................................................................................................. 25

*Rara v. Experian Info. Sols., Inc.*,
   No. 16-cv-06376-PJH, 2017 U.S. Dist. LEXIS 39935 (N.D. Cal. Mar. 20, 2017) .............. 18

*Realmuto v. Gagnard*,
   110 Cal. App. 4th 193 (2003) ............................................................................................ 16

*Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*,
   290 F.3d 1055 (9th Cir. 2002) ......................................................................................21, 22

*Ross v. RJM Acquisitions Funding LLC*,
   480 F.3d 493 (7th Cir. 2007) ............................................................................................. 10

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007) ..........................................................................................................19, 20

*Salawy v. Ocean Towers Housing Corp.*
   121 Cal. App. 4th 664 (2004) ............................................................................................ 16

*Sassaman v. Rushmore Loan Mgmt. Servs., LLC*,
   No. 1:15-cv-1487, 2016 U.S. Dist. LEXIS 173187 (M.D. Pa. Dec. 15, 2016) .................... 18

*Scripps Clinic v. Superior Court*,
   108 Cal. App. 4th 917 (2003) ............................................................................................ 21

*Scripps Health v. Marin*,
   72 Cal. App. 4th 324 (1999) .............................................................................................. 24

*Shlahtichman v. 1-800 Contacts, Inc.*,
   615 F.3d 794 (7th Cir. 2010) ................................................................ 21

*Shroyer v. New Cingular Wireless Servs.*,
   622 F.3d 1035 (9th Cir. 2010) ................................................................ 22

*Singh v. Wells Fargo Bank*, No. 2:15-cv-2664-JAM-EFB PS, 2017 U.S. Dist.
   LEXIS 131726, at *9 (E.D. Cal. Aug. 17, 2017)................................... 15

*Smith v. State Farm Mut. Auto. Ins. Co.*,
   93 Cal. App. 4th 700 (2001) .................................................................. 21

*Smith v. Transworld Sys., Inc.*,
   953 F.2d 1025 (6th Cir. 1992) ............................................................... 10

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) ................................................................ 23

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
   17 Cal. 4th 553 (1998) .......................................................................... 22

*T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*,
   809 F.2d 626 (9th Cir. 1987) ................................................................. 6

*Trujillo v. First Am. Registry, Inc.*,
   157 Cal. App. 4th 628 (2007) ...................................................13, 18, 19

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
   865 F.2d 1539 (9th Cir. 1989) (en banc) .............................................. 6

*Vanamann v. Nationstar Mortg., LLC*,
   735 F. App'x 260 (9th Cir. 2018) .......................................................... 20

*Vargas v. Bank of Am., N.A.*,
   No. 12-cv-2247-L(MDD), 2013 U.S. Dist. LEXIS 49222 (S.D. Cal. Apr. 2,
   2013).................................................................................................14, 15

*Walker v. Countrywide Home Loans, Inc.*,
   98 Cal. App. 4th 1158 (2002) ............................................................... 21

*Wasco Products, Inc. v. Southwall Technologies, Inc.*,
   435 F.3d 989 (9th Cir. 2006) ................................................................. 6

*Wells v. One2One Learning Foundation*,
   39 Cal. 4th 1164 (2006) ........................................................................ 15

*Wetzel v. Afni, Inc.*,
   No. 10-6159-TC, 2011 U.S. Dist. LEXIS 142756 (D. Or. Oct. 20, 2011) .......................... 10

*Whitworth v. SolarCity Corp.*,
    336 F. Supp. 3d 1119 (N.D. Cal. 2018)........................................................................ 20

**Statutes**

15 U.S.C. § 1692k(c) ............................................................................................................ 8

Cal. Bus. & Prof. Code, § 17500 ....................................................................................... 22

Cal. Civ. Code § 1785.25(a)......................................................................................... 13, 17

Cal. Civ. Code § 1785.31(a)............................................................................................... 18

Cal. Civ. Code § 1785.31(a)(2)(B) .................................................................................... 19

Cal. Civ. Code § 1788.30(a) .............................................................................................. 11

Cal. Civ. Code § 1788.30(b)............................................................................................... 12

Cal. Civ. Code § 1788.30(e)................................................................................................. 7

Cal. Code Civ. Proc. § 580b.......................................................................................... 1, 15

Cal. Code Civ. Proc., § 1858 ............................................................................................. 16

Cal. Stats. 2013, ch. 65, § 2 ............................................................................................... 14

Code Civ. Proc. § 580b, subd. (a), as amended by Stats. 2012, ch. 64, § 1 ...................... 14

Credit Reporting Act .......................................................................................................... 19

FCRA ................................................................................................................................. 18

Rosenthal Act ..................................................................................................................... 12

**Other Authorities**

Black's Law Dictionary 168 (7th ed. 1999) ......................................................................... 8

Fed. R. Civ. P. 56(a)............................................................................................................. 5

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.  INTRODUCTION

3        Plaintiffs Georgia Toland and Taquelia Washington-Toland allege that Nationstar

4   Mortgage LLC and its affiliate Veripro Solutions, Inc. engaged in improper collection activity on

5   their sold-out junior loan in violation of California's antideficiency statute, Cal. Code Civ. Proc.

6   § 580b.  Plaintiffs complain that Veripro sent them correspondence offering to settle the balance

7   on their junior loan though that balance was not collectible as the senior lien on the property had

8   already been foreclosed.  They further allege that Nationstar improperly reported the balance owed

9   on the junior loan to the credit reporting agencies in violation of section 580b.

10        As explained in the parties' stipulation to amend the scheduling order, *see* Dkt. no. 82, the

11  Court should continue the dispositive motion deadline and defer deciding summary judgment until

12  after plaintiffs' motion for class certification is decided.  Nationstar contends that class

13  certification should be denied, for the reasons set forth in its opposition.  But if the Court were to

14  certify a class, the rule against one-way intervention prohibits the Court from making a merits

15  ruling over defendants' objection until after notice is mailed and the deadline to opt out expires.

16  Defendants move for summary judgment now only in an abundance of caution, as the Court has

17  not yet decided whether to grant the parties' request to continue the summary judgment deadline.

18        Once the Court reaches the merits of this motion, summary judgment should be granted in

19  defendants' favor as there is no triable issue of material fact on any of plaintiffs' four claims for

20  relief.

21        Plaintiffs' Rosenthal Fair Debt Collection Practices Act claim is barred by the statute's

22  bona fide error defense.  Defendants' practice is not to collect on any sold-out junior loan in

23  California, regardless of whether the loan meets the other criteria of the antideficiency statute.  To

24  ensure this policy is followed, Veripro uses a series of third-party scrubs to identify properties that

25  have been foreclosed or on which there has been a transfer of ownership.  If any scrub identifies a

26  foreclosure or ownership transfer, collections are automatically halted.

27        In plaintiffs' case, these procedures failed to identify the foreclosure on plaintiffs' property

28  due to a clerical error—a discrepancy with their property address.  A third-party vendor identified

1   the property as "1318 B Street, Unit B208," whereas the correct address for the property as listed

2   in the public records was "1318 B Street, Unit 208."  Veripro sent three settlement offers to

3   plaintiffs before discovering the error with the property address.  Thus, any violation of the

4   Rosenthal Act that occurred on plaintiffs' account was a good faith mistake that occurred

5   notwithstanding defendants' maintenance of procedures reasonably designed to avoid such

6   collections.  The Court should grant summary judgment in defendants' favor on the Rosenthal Act

7   claim for that reason.

8       Alternatively, partial summary judgment should be granted on plaintiffs' claim for actual

9   damages under the Rosenthal Act.  None of the damages plaintiffs claim to have suffered have any

10  relationship to the three collection letters Veripro sent to them.  Plaintiffs therefore cannot show

11  they are entitled to actual damages caused by any violation of the Act.

12      Partial summary judgment should also be granted on plaintiffs' claim for statutory

13  damages because they have no evidence that defendants knowingly and willfully violated the

14  Rosenthal Act.  On the contrary, as just explained, any violation was unintentional and

15  inadvertent.  Plaintiffs thus are not entitled to statutory damages under the Rosenthal Act.

16      Plaintiffs' claim for violation of the Consumer Credit Reporting Agencies Act ("CCRAA")

17  is also meritless. Section 580b merely provides plaintiffs a defense to repayment of their loan.  It

18  does not extinguish their loan balance or dictate what Nationstar can report to the credit reporting

19  agencies about the status and payment history on the loan.  This Court so held in a similar case last

20  year. *See Gray v. Ocwen Mortg. Servicing, Inc*., No. 18-cv-01864-JD, 2019 U.S. Dist. LEXIS

21  121004, at *7 (N.D. Cal. July 19, 2019) (Donato, J.).  So Nationstar did not violate the CCRAA by

22  accurately reporting the status of plaintiffs' loan to the credit reporting agencies.

23      Even if there were a triable issue over the accuracy of Nationstar's reporting, the Court

24  should grant partial summary judgment on their claim for punitive damages because plaintiffs

25  cannot prove any CCRAA violation was willful.  Nationstar did not knowingly violate the

26  CCRAA since it had no knowledge of the foreclosure on plaintiffs' former property during the

27  brief period it furnished information to the credit reporting agencies regarding plaintiffs' loan.

28  Nor can plaintiffs show Nationstar recklessly violated the statute since multiple courts have held

that section 580b does not preclude furnishers from reporting the status of loans to the credit reporting agencies even if the loan is not collectible—and there is no controlling contrary authority.

Plaintiffs' claims for "unlawful" and "deceptive" practices under the Unfair Competition Law are derivative of their claims for violation of the Rosenthal Act and CCRAA and so fail for the same reasons. Summary judgment on the UCL claims should be granted on the additional ground that plaintiffs cannot recover any remedy available under the statute. Plaintiffs are not entitled to restitution since they never paid Nationstar or Veripro any amount on their loan. They are not entitled to an injunction since they cannot show they are likely be subjected to the same wrongdoing in the future. Veripro already closed plaintiffs' account and ceased all collection activity. Nationstar stopped reporting on plaintiffs' account over four years ago, and its tradeline no longer appears on their credit reports. No injunction may issue as there is nothing to enjoin.

For these reasons and others stated below, the Court should grant summary judgment in defendants' favor. Alternatively, the Court should enter partial summary judgment in defendants' favor on plaintiffs' individual counts, their claims for actual and statutory damages under the Rosenthal Act, and their claim for punitive damages under the CCRAA.

## II. STATEMENT OF UNDISPUTED FACTS

### A.   Veripro's Collection Practices

Nationstar is a servicer of home loans. Veripro is an affiliate of Nationstar that collects on charged off loans on behalf of Nationstar and other mortgage servicers. *See* Declaration of Phillip Livingston in Opposition to Plaintiffs' Motion for Class Certification, previously filed as Dkt. no. 76-1 ("Livingston Decl."), ¶ 4.

Veripro does not collect on junior loans in California after a foreclosure on the senior lien or a short sale. This policy applies to *all* unsecured junior loans in California, regardless of whether the loan is purchase money and secured by owner-occupied property of four units or less. Thus, Veripro's practice is to forego collection even on loans that are not protected by California's antideficiency law. Veripro has adopted a series of procedures designed to prevent such collections. Livingston Decl., ¶ 4.

1   After acquiring a loan from Nationstar or another servicer, Veripro runs a report known as

2   the CoreLogic Property Lien Securitization Scrub, which is obtained from a third-party vendor,

3   CoreLogic. *Id.*, ¶ 9. The scrub is intended to determine whether a property has been foreclosed or

4   if there has been a change in ownership. In addition, Veripro requests monthly reports from an

5   affiliated vendor, Title 365, to monitor changes in property ownership. *Id.*, ¶ 10. If the results of

6   any of these reports indicate that the property owner does not match the name of the borrower, the

7   loan is coded as "unsecured" and all collections are halted. *Id.*, ¶ 11.

8   Veripro's lien scrubbing process was generally successful in identifying unsecured

9   California loans and preventing collection on those loans. In limited cases, however, the scrub

10  returned results such as "inconclusive," "unknown" or "data not available." For this reason, some

11  collection activity may have occurred on some of those accounts despite Veripro's standard

12  procedure. *Id.*, ¶ 12.

13  **B.    Facts Regarding Plaintiffs' Account**

14  In 2006, plaintiffs purchased a condominium in Hayward. *See* Declaration of Erik Kemp

15  in Opposition to Plaintiffs' Motion for Class Certification previously filed as Dkt. no. 76-3

16  ("Kemp Decl."), Ex. A [16:4-23]. Plaintiffs financed the purchase with two loans from

17  Countrywide Bank, N.A. *Id.*, Ex. A [17:17-18:18, 18:24-20:10, Exs. 2, 3], Ex. B [15:6-14, 17:4-

18  18:7, Exs. 2, 3]. The loans were later transferred to Countrywide's successor, Bank of America,

19  N.A. ("BANA"). *Id.*, Ex. A [20:12-16].

20  Plaintiffs defaulted on both the first and second loan. *Id.*, Ex. A [21:13-23], Ex. B [18:20-

21  19:2]. In May 2012, BANA foreclosed on the deed of trust securing the first loan. *Id.*, Ex. A

22  [22:16-20], Ex. B [20:18-20]. The proceeds from the foreclosure sale were insufficient to satisfy

23  the amount due on the second loan, leaving a deficiency balance on that loan. Compl., ¶ 10.

24  In 2013, BANA transferred plaintiffs' second loan to Nationstar. The data BANA

25  provided Nationstar about plaintiffs' loan did not indicate that there had already been a foreclosure

26  on the senior lien. *See* Declaration of A.J. Loll in Opposition to Plaintiffs' Motion for Class

27  Certification, previously filed as Dkt. no. 76-2 ("Loll Decl."), ¶ 11. Nationstar was thus not aware

28

1  of the foreclosure and believed the loan was still active.  *Id.*, ¶ 12.  Plaintiffs never paid Nationstar

2  any amounts on the loan.  *Id.*, ¶ 12; Kemp Decl., Ex. A [81:15-25].

3     After acquiring plaintiffs' loan, Nationstar reported the balance to the credit reporting

4  agencies on a monthly basis from November 2014 to March 2016.  Loll Decl., ¶¶ 14-15.  The

5  reporting no longer appears on plaintiffs' credit reports as more than seven years have elapsed

6  since the date of first delinquency.  Kemp Decl., Ex. C [143:5-144:9], Ex. D [166:3-167:22].

7     In 2016, Nationstar charged off the loan and transferred it to Veripro.  Loll Decl., ¶ 13.

8  Veripro ran plaintiffs' loan through the lien scrubbing processes discussed above.  The scrub did

9  not reveal that plaintiffs' second mortgage had become unsecured as a result of the foreclosure on

10  the first loan, because the street address in Veripro's records—1318 B Street, Unit B208—did not

11  match the street address in the Alameda County Assessor's Office—1318 B Street, Unit 208.

12  Livingston Decl., ¶¶ 13-15.

13     Veripro therefore sent plaintiffs three letters offering to settle the outstanding balance on

14  the junior loan.  *Id.*, ¶ 15.  The letters were designed to be sent to borrowers with secured loans;

15  each offered to release the lien on the property in exchange for plaintiffs' settlement of the

16  account.  *Id.*  Plaintiffs never believed they had any obligation to pay the deficiency balance; they

17  had been aware of California's antideficiency law since the property was foreclosed in 2012.

18  Kemp Decl., Ex. A [26:10-27:5], Ex. B [21:23-22:7].  So they never paid Veripro any amount on

19  the loan.  *Id.*, Ex. A [81:15-25], Ex. B [22:9-18, 64:13-14]; Livingston Decl., ¶ 16.

20     In March 2017, plaintiffs filed this lawsuit.  At that time, Veripro investigated the property

21  records for plaintiffs' former property and discovered the earlier foreclosure on the senior lien.

22  Veripro thus immediately closed plaintiffs' account and stopped collection, consistent with its

23  standard policy for sold-out junior loans in California.  Kemp Decl., Ex. G [119:7-120:17].

24                          **III.  SUMMARY JUDGMENT STANDARDS**

25     Summary judgment is appropriate if "there is no genuine issue as to any material fact and

26  the movant is entitled to summary judgment as a matter of law."  Fed. R. Civ. P. 56(a).

27     When the moving party would not bear the bear the burden of proof at trial, the moving

28  party may meet its burden by "either produc[ing] evidence negating an essential element of the

1    nonmoving party's claim or defense or show[ing] that the nonmoving party does not have enough

2    evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire &*

3    *Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  The moving

4    party may thus bear its burden simply by "pointing out to the district court [] that there is an

5    absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S.

6    317, 325 (1986).

7           By contrast, "[w]hen the party moving for summary judgment would bear the burden of

8    proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if

9    the evidence went uncontroverted at trial.' In such a case, the moving party has the initial burden

10   of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R.*

11   *Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation

12   omitted).

13          When the moving party meets its burden, the nonmoving party "may not rely on the mere

14   allegations in the pleadings in order to preclude summary judgment …[,]" but instead must

15   produce "significant probative evidence" supporting those allegations.  *T.W. Elec. Serv. v. Pacific*

16   *Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citations omitted).  "A '*scintilla* of

17   evidence,' or evidence that is 'merely colorable' or 'not significantly probative,' is not sufficient

18   to present a genuine issue as to a material fact." *United Steelworkers of Am. v. Phelps Dodge*

19   *Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (*citing Anderson v. Liberty Lobby, Inc.*, 477

20   U.S. 242, 249-50 (1986)).

21          The opposing party also may not create a triable issue by raising new theories not alleged

22   in the complaint.  *See, e.g., Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989,

23   990-92 (9th Cir. 2006); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir.

24   2006).  "[T]he necessary factual averments are required with respect to each material element of

25   the underlying legal theory…. Summary judgment is not a procedural second chance to flesh out

26   inadequate pleadings." *Wasco Products, Inc.*, 435 F.3d at 992 (citations omitted).

27

28

# IV.  THE COURT SHOULD GRANT DEFENDANTS'
# MOTION FOR SUMMARY JUDGMENT

Plaintiffs allege four claims for relief:  (1) violation of California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") Cal. Civ. Code, § 1788 *et seq.*; (2) violation of the California Consumer Credit Reporting Agencies Act (the "CCRAA"), Cal. Civ. Code, § 1785.1 *et seq.*; (3) violation of the Unfair Competition Law or "UCL," Cal. Bus. & Prof. Code, § 17200 *et seq.*, based on unlawful practices; and, (4) violation of the UCL based on "fraudulent" business practices and violation of the False Advertising Law, Cal. Bus. & Prof. Code, § 17500 *et seq.* Summary judgment should granted on each claim for the reasons stated below.

## A.     Summary Judgment Should Be Granted on Plaintiffs' Rosenthal Act Claim

### 1.     The Bona Fide Error Defense Bars Plaintiffs' Rosenthal Act Claim

Plaintiffs' first claim alleges that the settlement offer letters Veripro sent them violated the Rosenthal Act because they were false, misleading and deceptive.  Compl., ¶¶ 28-31.  Defendants do not seek summary judgment on the question whether the letters were false, misleading, and deceptive, but reserve the right to challenge that claim at a later date.[1]

Instead, even if plaintiffs could prove a prima facie case for violation of the Rosenthal Act, summary judgment should still be entered in defendants' favor now because any improper collection activity occurring on their account was the result of a bona fide error.  The Rosenthal Act provides that a debt collector shall have no liability under that statute if it proves by a preponderance of the evidence "that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation."  Cal. Civ. Code § 1788.30(e).

---

[1]     Defendant note that plaintiffs, themselves, did not find the letters deceptive or misleading or believe they had any obligation to pay the deficiency balance, and they had been aware of the antideficiency law since the property was foreclosed in 2012.  Kemp Decl., Ex. A [26:10-27:5, 81:15-25], Ex. B [21:23-22:7, 22:9-18, 64:13-14].  The letters were obviously sent in error as they offered to release the lien on plaintiffs' second loan that had been extinguished by the foreclosure on the senior lien four years earlier.  Defendants thus do not believe plaintiffs will ultimately be able to prove that the letters made any material false or misleading misrepresentation in violation of the Rosenthal Act.

In construing the FDCPA's substantively identical bona fide error defense,[2] courts have held that "the defendant must prove that (1) it violated the FDCPA [or Rosenthal Act] unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1177 (9th Cir. 2006); *Beck v. Maximus, Inc.,* 457 F.3d 291, 297-98 (3d Cir. 2006). The undisputed facts show that each of these three elements is satisfied and that defendants are thus entitled to judgment as a matter of law on the Rosenthal Act claim.

First, the alleged violation was unintentional. "A debt collector need only show that its FDCPA [or Rosenthal Act] violation was unintentional, not that its actions were unintentional." *Kort v. Diversified Collection Servs.*, 394 F.3d 530, 537 (7th Cir. 2005); *accord Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006); *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Defendants' practice is not to collect on sold-out junior loans in California. Livingston Decl., ¶ 4. When defendants are aware of a foreclosure on the senior lien, the junior loan is coded as uncollectible and all collections are automatically halted. It is undisputed that defendants were unaware of the foreclosure on plaintiffs' senior lien when the three settlement offers were sent. *Id.*, ¶¶ 13-15. So any violation of the Rosenthal Act was inadvertent and unintentional.

Second, the alleged violation resulted from a bona fide error. Bona fide means "an error made in good faith; a genuine mistake, as opposed to a contrived mistake." *Kort*, 394 F.3d at 538 (quoting Black's Law Dictionary 168 (7th ed. 1999)). The defense can apply to any clerical or factual mistake *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 587 (2010); *see also Juras v. Aman Collection Serv.*, 829 F.2d 739, 742 (9th Cir. 1987) (bona fide error defense applied where debt collector mistakenly placed phone calls after 8:00 p.m. due to

---

[2]     Like the Rosenthal Act, the FDCPA provides that "[a] debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). As case law specifically addressing the Rosenthal Act's bona fide error defense is limited, defendants cite to analogous authority addressing the FDCPA's nearly identical bona fide error defense in addition to pertinent authority specifically applying the Rosenthal Act.

failure to account for difference in time zones).  Courts have repeatedly applied the defense where, as here, a clerical or transcription error leads to inadvertent collection activity. *See, e.g., Arnold v. Bayview Loan Servicing, LLC*, 659 F. App'x 568, 570-72 (11th Cir. 2016) (bona fide error defense applied where coding error caused loan status to be changed from foreclosure to active collections); *Erez v. Steur*, No. C12-2109RSM, 2014 U.S. Dist. LEXIS 159808, at *10 (W.D. Wash. Nov. 13, 2014) (bona fide error occurred where communications with represented party continued due to clerical error); *Hernandez v. Affiliated Grp., Inc*., No. 04CV4467 (JG), 2006 U.S. Dist. LEXIS 2557, at *9 (E.D.N.Y. Jan. 12, 2006) (bona fide error occurred where coding glitch led to inaccurate disclosure of original creditor).

Here, as in the cases just cited, any violation of the Rosenthal Act was the result of a bona fide error.  As explained above, Veripro employs a series of scrubs designed to prevent collection activity on sold-out junior loans in California.  The scrubs failed to identify plaintiffs' property as having been foreclosed sale due only to a discrepancy with their property address—i.e., Veripro's vendor identified plaintiffs' former property as "1318 B Street, Unit B208," whereas the property was listed in the public records as "1318 B Street, Unit 208."  Livingston Decl., ¶¶ 13-15.  The minor variation in the unit number for plaintiffs' condominium prevented the scrub from identifying the prior foreclosure.  The mistake was plainly made in good faith.  It is undisputed that Veripro's policy is not to collect on sold-out junior loans in California; there is no evidence that the mistake was "contrived" or intentional.  *Id*, ¶ 4.  Hence, the second criterion is also satisfied.

Finally, the bona fide error occurred despite reasonable procedures designed to avoid such errors.  "[T]he procedures that support a valid bona fide error defense must be 'reasonably adapted' to avoid the specific error at issue."  *McCollough*, 637 F.3d at 948 (citations and internal quotation marks omitted).  However, "[n]either the FDCPA nor Rosenthal Act 'require debt collectors to take every conceivable precaution to avoid errors …;' [instead, they] require only that debt collectors take 'reasonable precaution[s].'"  *Camacho v. Jefferson Capital Sys., LLC*, No. 14-cv-02728-BLF, 2015 U.S. Dist. LEXIS 72030, at *14 (N.D. Cal. May 29, 2015) (quoting *Kort*, 394 F.3d at 539); *see also Beck*., 457 F.3d at 299; *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir.

2004) ("Although [the debt collector] could have done more . . ., § 1692k(c) only requires collectors to adopt reasonable procedures.").

Reasonable precaution "does not require an independent investigation of the debt referred for collection." *Smith v. Transworld Sys., Inc*., 953 F.2d 1025, 1032 (6th Cir. 1992); *see also Jenkins v. Heintz*, 124 F.3d 824, 834-35 (7th Cir. 1997); *Palmer v. I.C. Sys.*, No. C-04-03237 RMW, 2005 U.S. Dist. LEXIS 27946, at *24 (N.D. Cal. Nov. 8, 2005). "Moreover, '[t]he word "reasonable" in the [bona fide error] defense cannot be equated to 'state of the art,' which is to say, at the technological frontier.'" *Abdollahzadeh v. Mandarich Law Grp., LLP*, 922 F.3d 810, 817 (7th Cir. 2019) (citation omitted).

Veripro's lien scrubbing procedures were reasonably designed to prevent precisely the act that is alleged to have occurred here:  collection on a loan that falls within the protection of California's anti-deficiency laws.  Before commencing collection activity on a newly acquired loan, Veripro requests that CoreLogic run its Property Lien Securitization Scrub, which identifies whether a property has been foreclosed or if there has been a change in ownership. *Id.*, ¶ 9. Veripro also requests monthly reports from an affiliated vendor, Title 365, to monitor changes in property ownership. *Id.*, ¶ 10.  If the results of any of these reports indicate that the property owner does not match the name of the borrower, the loan is coded as "unsecured" and all collections are halted. *Id.*, ¶ 11.

For most California borrowers with sold-out junior loans, these extensive procedures worked and successfully prevented collection. *Id.*, ¶ 12.  But for the discrepancy in the description of plaintiffs' former property address, the procedure would have identified plaintiffs' loan as unsecured and stopped all collection activity on their account.  The third element of the bona fide error defense is thus also satisfied. *See, e.g., Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 497 (7th Cir. 2007) (finding debt collector had reasonable procedure where computerized search for bankruptcy filings failed to identify debtor due to discrepancy with her name); *Hyman*, 362 F.3d at 967 (debt collector had reasonable procedure designed to avoid collection on bankrupt accounts); *Wetzel v. Afni, Inc*., No. 10-6159-TC, 2011 U.S. Dist. LEXIS 142756, at *15 (D. Or.

1   Oct. 20, 2011) (finding defendant "established that it took reasonable steps to avoid sending a

2   collection letter to the wrong person and is entitled to the bona fide error defense").

3           In short, the undisputed facts show that any Rosenthal Act violation was the result of a

4   bona fide error that occurred despite reasonable procedures designed to avoid that error.  The

5   Court should therefore grant summary judgment in defendants' favor on the Rosenthal Act claim.

6   *See, e.g., Camacho*, 2015 U.S. Dist. LEXIS 72030, at *14-18 (granting summary judgment on

7   bona fide error defense to Rosenthal Act claim); *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp.

8   2d 1218, 1232 (E.D. Cal. 2010) (same); *Pasquale v. Law Offices of Nelson & Kennard*, 940 F.

9   Supp. 2d 1151, 1160 (N.D. Cal. 2013) (granting summary judgment on bona fide error defense to

10  FDCPA claim); *Palmer*, 2005 U.S. Dist. LEXIS 27946, at *24 (same).

11          **2.      Alternatively, Partial Summary Judgment Should Granted on Plaintiffs'**

12                  **Claim for Actual Damages**

13          Even if plaintiffs' Rosenthal Act claim were not barred by the bona fide error defense, the

14  Court should grant partial summary judgment on plaintiffs' claim for actual damages under the

15  Rosenthal Act.  The Rosenthal Act provides that "[a]ny debt collector who violates this title with

16  respect to any debtor shall be liable to that debtor only in an individual action, and his liability

17  therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by

18  the debtor as a result of the violation."  Cal. Civ. Code § 1788.30(a).

19          Plaintiffs have no evidence that they sustained any actual damages as a result of the alleged

20  Rosenthal Act violation.  Plaintiffs' supplemental interrogatory response identifies only two

21  categories of actual damages they claim to have suffered: (1) $1,403.60 for amounts they paid

22  requesting copies of their credit reports and hiring a credit repair service to help them dispute

23  Nationstar's reporting of their account to the credit reporting agencies and (2) $1,364.79

24  representing the amount of additional interest they claim to have paid on a car loan as a result of

25  Nationstar's credit reporting.  *See* Declaration of Erik Kemp in Support of Summary Judgment

26  Motion ("Kemp Decl. in Support of MSJ"), Exs. A, B [no. 1].

27          These claimed damages were not "sustained by [plaintiffs] as a result of" any Rosenthal

28  Act violation.  Cal. Civ. Code § 1788.30(a).  Instead, they clearly relate only to plaintiffs' claims

1  challenging Nationstar's credit reporting.  Amounts plaintiffs paid monitoring or attempting to

2  repair their credit and additional interest allegedly paid on a car loan have no causal relationship to

3  the conduct underlying their Rosenthal Act claim.  Therefore, plaintiffs cannot recover such

4  amounts as actual damages under the Rosenthal Act.

5      As plaintiffs have no evidence they suffered any damages caused by the alleged Rosenthal

6  Act violation, partial summary judgment should be granted on their claim for actual damages

7  under that statute.  *See, e.g., Ammons v. Diversified Adjustment Serv*., No. 2:18-cv-06489-ODW

8  (MAAx), 2019 U.S. Dist. LEXIS 175842, at *21 (C.D. Cal. Oct. 9, 2019).

9      **3.      Alternatively, Partial Summary Judgment Should Be Granted on Plaintiffs'**

10              **Statutory Damages Claim**

11     The Court should also grant partial summary judgment on plaintiffs' claim for statutory

12 damages.  The Rosenthal Act permits aggrieved debtors to recover statutory damage awards

13 ranging from $100 to $1,000 for "willful and knowing" violations of the Act.  Cal. Civ. Code §

14 1788.30(b).

15     Plaintiffs have no evidence showing that Nationstar and Veripro "willfully and knowingly"

16 violated the Rosenthal Act.  Defendants did not intend to violate the Rosenthal Act by collecting

17 on plaintiffs' sold-out junior loan.  On the contrary, as explained above, the undisputed evidence

18 shows that Veripro's policy is not to collect on sold-out junior loans, and it has adopted a series of

19 procedures designed to avoid such collections.  *See* Livingston Decl., ¶¶ 4, 9-11.  Defendants had

20 no knowledge of the foreclosure on plaintiffs' former property when the three settlement offers

21 were sent to them.

22     As plaintiffs cannot show defendants knowingly and willfully violated the Rosenthal Act,

23 summary judgment should be entered on their claim for statutory damages.  *Davis v. Hollins Law*,

24 25 F. Supp. 3d 1292, 1297 (E.D. Cal. 2014), *aff'd in part and rev'd in part on a different ground*,

25 *Davis v. Hollins Law*, 832 F.3d 962 (9th Cir. 2016) (declining to award statutory damages on

26 Rosenthal Act claim where violation was not willful and knowing).

27

28

**B.      Summary Judgment Should Be Granted on Plaintiffs' CCRAA Claim**

Plaintiffs' second count alleges that Nationstar furnished inaccurate information to the credit reporting agencies regarding the deficiency balance on their junior loan following the foreclosure of their senior lien in violation of the CCRAA.  Compl., ¶¶ 34-39.  This claim, too, is subject to summary judgment, for several independent reasons.

**1.      Nationstar Did Not Furnish Any Inaccurate Information**

To begin with, plaintiffs' CCRAA claim fails because Nationstar did not furnish any inaccurate information.

The CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a); *see Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1171 (9th Cir. 2009); *Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628, 637-639 (2007).  Reporting is inaccurate under the CCRAA only if it is "patently incorrect or materially misleading."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010)

Plaintiffs cannot show that Nationstar furnished any patently incorrect or materially misleading information about their account to the credit reporting agencies.  As noted above, Nationstar reported the balance on plaintiffs' loan to the credit reporting agencies on a monthly basis from November 2014 to March 2016.  Loll Decl., ¶¶ 14-15.  Plaintiffs do not dispute that they defaulted on their loan or that Nationstar accurately reported the balance remaining on the loan.  Instead, plaintiffs allege that Nationstar's reporting of the balance on their loan was inaccurate because their loan was not collectible under Code of Civil Procedure section 580b.

The version of section 580b that applies to plaintiffs' claims states that "[n]o deficiency judgment shall lie in any event after a sale of real property or an estate for …" any purchase

1  money-loan secured by an owner-occupied property of 4 units or less.  *See* Former Code Civ.

2  Proc. § 580b, subd. (a), as amended by Stats. 2012, ch. 64, § 1.[3]

3          Several "[c]ourts that have examined section 580b debt in the context of the FCRA have

4  held that because section 580b does not extinguish a consumer's underlying debt, there can be no

5  liability for a furnisher accurately reporting the existence of that debt unless there is a dispute

6  about the debt's patent or facial accuracy."  *Prianto*, 2014 U.S. Dist. LEXIS 94673, at *16 (citing

7  cases); *see also Murphy v. Ocwen Loan Servicing, LLC*, No. 2:13-cv-00555-TLN-EFB, 2014 U.S.

8  Dist. LEXIS 21573, at *16 (E.D. Cal. Feb. 18, 2014) ("section 580b says nothing about

9  'obliterating' a debt with the consequences that Plaintiffs claim."); *Johnson v. Wells Fargo Home*

10  *Mortg., Inc*., No. EDCV 13-01044-VAP (OPx), 2013 U.S. Dist. LEXIS 185345, at *19-20 (C.D.

11  Cal. Sep. 13, 2013) ("Plaintiff's claim that reporting the balance owed on the second mortgage

12  was inaccurate and in violation of the FCRA and the CCRAA because 580b extinguished the debt

13  fails as a matter of law."); *Vargas v. Bank of Am., N.A.*, No. 12-cv-2247-L(MDD), 2013 U.S. Dist.

14  LEXIS 49222, at *11 (S.D. Cal. Apr. 2, 2013) (same); *Herrera v. LCS Fin. Servs. Corp*., No. C09-

15  02843 TEH, 2009 U.S. Dist. LEXIS 81850, at *10-20 (N.D. Cal. Sep. 9, 2009) (same) *Abdelfattah*

16  *v. Carrington Mortg. Servs. LLC*, No. C-12-04656-RMW, 2013 U.S. Dist. LEXIS 17517, at *6-7

17  (N.D. Cal. Feb. 7, 2013) (analyzing similar anti-deficiency provision in California Code of Civil

18  Procedure section 580d, and holding that section 580d does not preclude the reporting of a

19  deficiency following non-judicial foreclosure).

20          Recently, this Court reached the same conclusion as these other courts, holding in a

21  factually similar case that section 580b does not dictate what furnishers may report about loans

22  subject to its protections.  *Gray*, 2019 U.S. Dist. LEXIS 121004, at *7 ("Section 580b also does

---

[3]          Section 580b was amended in 2013.  Cal. Stats. 2013, ch. 65, § 2.  Because plaintiffs' loan
was originated before 2013 and the 2013 amendment does not apply retroactively, plaintiffs'
claims are subject to the version of section 580b that was in effect when their loan was originated.
*See Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 36 (2015); *Prianto v.
Experian Info. Sols., Inc*., No. 13-cv-03461-TEH, 2014 U.S. Dist. LEXIS 94673, at *12 n.2 (N.D.
Cal. July 10, 2014).  Even if the current version of section 580b applied, it would not change the
result in this case as that statute also does not address what a furnisher may report to credit
reporting agencies about loans subject to the antideficiency statute.  *See Gray*, 2019 U.S. Dist.
LEXIS 121004, at *6-7.

not say anything about credit reporting requirements for purchase money loans or any delinquencies on such loans.").

Gray and the other cases cited above are correct.  Section 580b provides borrowers with a defense to a judicial action to collect of the debt.  It does not extinguish the debt or preclude the lender from reporting the history and status of the loan.

In interpreting a statute, a court "look[s] first to the words of the statute, 'because the statutory language is generally the most reliable indicator of legislative intent.'"  *Klein v. United States,* 50 Cal. 4th 68, 77 (2010); *Jeffries v. Wood*, 114 F.3d 1484, 1495 (9th Cir. 1997).  "If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs."  *Wells v. One2One Learning Foundation*, 39 Cal. 4th 1164, 1190 (2006).  "If the language is clear and unambiguous, there is no need for construction, nor is it necessary to resort to [extrinsic] indicia of the intent of the Legislature."  *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 735 (2003) (citations and internal quotation marks omitted).

Here, section 580b's words are clear and unambiguous.  Section 580b states only that "no deficiency judgment shall lie" after default on a purchase-money mortgage.  Cal. Civ. Proc. Code § 580b.  "The statute does not elaborate on whether the mortgagee may then furnish information about the unpaid debt or whether the debt ceases to exist. Had the California legislature wanted courts to find that section 580b eliminated the debt in actions such as the instant one, it could have done so."  *Murphy*, 2014 U.S. Dist. LEXIS 21573, at *14-15; *see also Herrera*, 2009 U.S. Dist. LEXIS 81850, at *11  ("Had it sought to extinguish the debt entirely, the California legislature could have said as much; by the explicit terms of the statute, section 580b only bars deficiency judgments.")

The Legislature did not do so.  Section "580b does not prohibit or even discuss reporting debts to credit reporting agencies."  *Vargas*, 2013 U.S. Dist. LEXIS 49222, at *11.  Nor does it state that debt is extinguished or otherwise ceases to exist.  *Murphy*, 2014 U.S. Dist. LEXIS 21573, at *14-15; *Herrera*, 2009 U.S. Dist. LEXIS 81850, at *11; *see also Singh v. Wells Fargo Bank*, No. 2:15-cv-2664-JAM-EFB PS, 2017 U.S. Dist. LEXIS 131726, at *9 (E.D. Cal. Aug. 17,

1    2017) (finding in tax reporting case that "[w]hile the statute bars the lender from obtaining a

2    deficiency judgment, it does not extinguish the underlying debt.").

3           Plaintiffs effectively ask the Court to read into section 580b an unstated prohibition on

4    reporting information about loans subject to the statute's protections to the credit reporting

5    agencies.

6           This the Court cannot do.  In interpreting a statute, "[t]he court's role is to ascertain the

7    meaning of the words used, ' "not to insert what has been omitted" ' or otherwise rewrite the law

8    to conform to an intention that has not been expressed." *Salawy v. Ocean Towers Housing Corp.*

9    121 Cal. App. 4th 664, 674 (2004) (quoting *Cal. Fed. Sav. & Loan Ass'n v. City of L.A.*, 11 Cal.

10   4th 342, 349 (1995)); Cal. Code Civ. Proc., § 1858.  "A court may not read into a statute

11   qualifications or modifications that will materially affect its operation so as to conform to a

12   supposed intention not expressed by the Legislature."  *Hellum v. Breyer*, 194 Cal. App. 4th 1300,

13   1311 (2011) (quoting *Realmuto v. Gagnard*, 110 Cal. App. 4th 193, 203 (2003)) (citations

14   omitted).

15          Interpreting section 580b to eliminate a borrower's debt or dictate what information a

16   furnisher can report about a loan would improperly insert into the statute an obligation nowhere

17   found in the statute's text.  The Court cannot rewrite the law to express that unstated obligation

18   because the statute "does not say anything about credit reporting requirements for purchase money

19   loans or any delinquencies on such loans."  *Gray*, 2019 U.S. Dist. LEXIS 121004, at *7.

20          Plaintiffs have no other evidence that Nationstar's reporting was inaccurate or misleading.

21   As pointed out above, they concede they defaulted on the loan and do not dispute that Nationstar

22   reported accurately.  It was not inaccurate or misleading for Nationstar to report plaintiffs' default

23   or the loan's history.  On the contrary, the opposite is true:  "To preclude the reporting of a

24   deficiency would seem inconsistent with the purpose of a credit report, namely to provide accurate

25   credit information to potential creditors.  Although a deficiency may not be reducible to a

26   judgment or even collectible, it does show that the debtor did not fully pay the balance due on his

27   debt." *Abdelfattah*, 2013 U.S. Dist. LEXIS 17517, at *6; *see also Gray*, 2019 U.S. Dist. LEXIS

28   121004, at *7.

1    For all these reasons, plaintiffs cannot show Nationstar furnished any inaccurate

2  information about their admittedly defaulted loan to the credit reporting agenices. The Court

3  should grant summary judgment on the CCRAA claim for that reason alone.

4         **2.      Nationstar Had No Actual or Presumed Knowledge of Falsity**

5         As noted above, the CCRAA bans a furnisher from providing credit information that it

6  "knows or should know … is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

7         Here, even if plaintiffs could show there was a triable issue over the accuracy of

8  Nationstar's reporting, they cannot show that Nationstar knew or should have known of the

9  alleged inaccuracy when it furnished information about plaintiffs' account to the credit reporting

10  agencies.  Nationstar reported the balance on plaintiffs' loan to the credit reporting agencies for

11  each month between November 2014 and March 2016.  Loll Decl., ¶¶ 14-15.  At the time this

12  information was furnished, Nationstar had no knowledge of the foreclosure on plaintiffs' senior

13  lien.  Defendants did not learn of the foreclosure until March 2017.

14         Accordingly, even if section 580b rendered Nationstar's reporting of the balance owed on

15  plaintiffs' loan patently incorrect or materially misleading, plaintiffs cannot show Nationstar knew

16  or should have known of the accuracy at the time of reporting.  The Court should grant summary

17  judgment in Nationstar's favor on the CCRAA claim for that additional reason.  *Cavalry SPV I,*

18  *LLC v. Watkins*, 36 Cal. App. 5th 1070, 1096 (2019) (affirming judgment in favor of furnishers on

19  CCRAA claim where plaintiff "did not prove that CPS or Cavalry submitted information they

20  knew or should have known was incomplete or inaccurate."); *Aki Oya v. Wells Fargo Bank, N.A*,

21  No. 3:18-cv-01999-H-BGS, 2018 U.S. Dist. LEXIS 189221, at *11 (S.D. Cal. Nov. 2, 2018)

22  ("Plaintiffs have not alleged that Wells Fargo and Select knew that the foreclosure sale resolved

23  Plaintiffs' debts.  Thus, Plaintiffs have failed to allege that Wells Fargo and Select knowingly

24  furnished inaccurate information to any consumer credit reporting agency."); *Herrera v.*

25  *AllianceOne Receivable Mgmt*., No. 14-cv-1844-BTM-WVG, 2016 U.S. Dist. LEXIS 168625, at

26  *21 (S.D. Cal. Dec. 5, 2016) (granting summary judgment on CCRAA claim as plaintiff did not

27  "establish a genuine issue of material fact as to whether Defendant knew or should have known of

28  the discrepancy before furnishing information to the CRAs.").

1

### 3.   Plaintiffs Suffered No Actual Damages

2       To recover any form of relief under the CCCRA, a plaintiff must "suffer damages as a

3   result of a violation …"   *See* Cal. Civ. Code § 1785.31(a).   Actual damages are thus an essential

4   element of the claim for relief.   *Trujillo*, 157 Cal. App. 4th at 637-639

5       A mere reduction in credit score does not suffice.   *Rara v. Experian Info. Sols., Inc.*, No.

6   16-cv-06376-PJH, 2017 U.S. Dist. LEXIS 39935, at *27-30 (N.D. Cal. Mar. 20, 2017) (citing

7   cases).   The plaintiff must adduce evidence showing that she suffered credit denials, adverse

8   actions, or other damages as a result of the allegedly erroneous reporting.   *Id.*; *see also Jugoz v.*

9   *Experian Info. Sols., Inc.*, No. 16-cv-05687-MMC, 2017 U.S. Dist. LEXIS 97656, at *17 (N.D.

10  Cal. June 23, 2017); *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1280 (N.D. Cal. 2014).

11      As explained above, plaintiffs have identified two forms of damage they seek to recover in

12  this action:  (1) amounts they paid monitoring and attempting to repair their credit; (2) additional

13  interest they claim to have paid as a result of a "higher" interest rate on a car loan.   *See* Kemp

14  Decl. in Support of MSJ, Exs. A, B [no. 1].   Neither is cognizable under the CCRAA.

15      First, courts in similar cases have held that amounts incurred in monitoring or disputing

16  credit reporting prior to litigation are not recoverable as damages.   *See Burrows v. Experian Info.*

17  *Sols., Inc.*, No. 16-cv-06356-PJH, 2017 U.S. Dist. LEXIS 39845, at *33 (N.D. Cal. Mar. 20, 2017)

18  (finding "costs associated with requesting a credit report, discovering the alleged inaccuracies, and

19  sending a dispute letter are not recoverable" under the FCRA); *Sassaman v. Rushmore Loan*

20  *Mgmt. Servs., LLC*, No. 1:15-cv-1487, 2016 U.S. Dist. LEXIS 173187, at *7 (M.D. Pa. Dec. 15,

21  2016) ("out-of-pocket expenses such as postage fees, credit monitoring, printing and copying

22  costs, mileage expended, and costs of notifying an agency or creditor that a report is inaccurate are

23  not actual damages under the FCRA.").   Accordingly, plaintiffs cannot recover the amounts they

24  incurred monitoring or attempting to repair their credit as damages in this case.

25      Second, plaintiffs cannot show having to pay a supposedly "higher" interest rate of 1.9%

26  on a car loan is cognizable damage either.  Kemp Decl., Ex. A [63:14-21, 64:3-66:1, 88:10-89:3],

27  Ex. B [68:1-69:5].  Of course, 1.9% is not a "high" interest rate under any reasonable standard.

28  But even assuming that favorable rate were actually a negative result, plaintiffs have no evidence

1   showing that the allegedly high interest rate was due to Nationstar's reporting of their deficiency

2   balance, rather than the far more serious Bank of America foreclosure also reflected on their credit

3   reports.  Plaintiff thus cannot show that any excess interest they paid was as a result of

4   Nationstar's allegedly inaccurate reporting.  *See, e.g., Trujillo*, 157 Cal. App. 4th at 637–639;

5   *Banga*, 29 F. Supp. 3d at 1280; *Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008),

6   *aff'd*, 360 F. App'x 255 (2d Cir. 2010).

7        As plaintiffs cannot show they suffered proximately caused damages, summary judgment

8   should be granted on the CCRAA claim for that additional reason.

9        **4.      Alternatively, Partial Summary Judgment Should Be Granted on Plaintiffs'**

10            **Claim for Punitive Damages**

11       If the Court does not grant summary judgment on the CCRAA claim in its entirety, it

12   should grant partial summary judgment on plaintiffs' claims for punitive damages.  The CCRAA

13   permits consumers to recover punitive damages ranging from $1,000 to $5,000 for "willful"

14   violations. Cal. Civ. Code § 1785.31(a)(2)(B).

15       Though the CCRAA does not define the term "willful," California courts have held that

16   "[w]illful misconduct … requires an intentional act or an intentional failure to act, either with

17   knowledge that serious injury is a probable result, or with a positive and active disregard for the

18   consequences." *Johns-Manville Sales Corp. v. Workers' Comp. Appeals Bd. (Horenberger)*, 96

19   Cal. App. 3d 923, 930 (1979); *see also Bigge Crane & Rigging Co. v. Workers' Comp. Appeals

20   Bd.*, 188 Cal. App. 4th 1330, 1349 (2010).

21       The Supreme Court has similarly held that to establish a "willful" violation of the Fair

22   Credit Reporting Act ("FCRA"), a plaintiff must demonstrate the violation was either "knowing"

23   or "reckless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).  Recklessness is a high

24   standard; it means taking an "action entailing an unjustifiably high risk of harm that is either

25   known or so obvious that it should be known." *Safeco*, 551 U.S. at 68-69.

26       Plaintiffs cannot show that Nationstar willfully violated the CCRAA.  As explained above,

27   nothing in section 580b expressly prohibits a furnisher from reporting information about a sold-out

28   junior loan to the credit reporting agencies.  And Nationstar had no knowledge of the foreclosure

1   on plaintiffs' senior lien when it was furnishing information about plaintiffs' loan.  So even if a

2   CCRAA violation occurred, it was certainly not knowing.

3        Nor can plaintiffs show that Nationstar recklessly violated the CCRAA.  As *Safeco*

4   explains, "[a] company subject to FCRA does not act in reckless disregard of it unless the action is

5   not only a violation under a reasonable reading of the statute's terms, but shows that the company

6   ran a risk of violating the law substantially greater than the risk associated with a reading that was

7   merely careless." *Safeco Ins. Co. of Am.*, 551 U.S. at 69.  To be willful, the defendant's

8   interpretation of the statute must be "objectively unreasonable." *Id.*  And, "[w]here, as here, the

9   statutory text and relevant court and agency guidance allow for more than one reasonable

10  interpretation, it would defy history and current thinking to treat a defendant who merely adopts

11  one such interpretation as a knowing or reckless violator."  *Id.* at 70 n.20.

12       This dooms plaintiffs' claim that Nationstar willfully violated the CCRAA.  As noted

13  above, numerous courts have addressed this exact issue and held that it is permissible to report a

14  borrower's deficiency balance to the credit reporting agencies even if collection is barred by the

15  antideficiency statute. *Gray*, 2019 U.S. Dist. LEXIS 121004, at *7; *Prianto*, 2014 U.S. Dist.

16  LEXIS 94673, at *16 (citing cases); *Murphy*, 2014 U.S. Dist. LEXIS 21573, at *16.  That

17  interpretation is plainly reasonable given that section 580b does not expressly address credit

18  reporting.  While a few decisions have reached a contrary conclusion, there is no controlling

19  authority one way or another.[4]  Accordingly, plaintiffs cannot show that Nationstar willfully

20  violated the CCRAA.  *Safeco Ins. Co. of Am.*, 551 U.S. at 70 n.20; *Vanamann v. Nationstar*

21

---

22  [4]     Plaintiffs' reliance on the unpublished disposition in  *Kuns v. Ocwen Loan Servicing, Ltd.
    Liab. Co.*, 611 F. App'x 398, 400 (9th Cir. 2015) is misplaced.  Unpublished dispositions are not
23  precedent.  Ninth Cir. R. 36-3(a); *In re Burns*, 974 F.2d 1064, 1068 (9th Cir. 1992) (explaining
    that an unpublished memorandum disposition "could not be properly understood as establishing a
24  rule," such that "a citation to it could have no force").  Particularly as this issue is a question of
    California law, *Kuns* "is not binding; instead, this Court must 'attempt to determine how the
25  California Supreme Court might decide the issue.'"  *Whitworth v. SolarCity Corp.*, 336 F. Supp.
    3d 1119, 1123 (N.D. Cal. 2018) (*citing Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003)).
26  As explained above, the rules of statutory construction that the California Supreme Court applies
    show that section 580b cannot be interpreted to impose any requirement with respect to credit
27  reporting.  *Kuns* did not conduct that analysis and held only a motion to dismiss that the plaintiff
    had alleged a possible inaccuracy.

28

1    *Mortg., LLC*, 735 F. App'x 260, 262 (9th Cir. 2018); *Long v. Tommy Hilfiger U.S.A., Inc.*, 671

2    F.3d 371, 377 (3d Cir. 2012); *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir.

3    2010); *Banga*, 29 F. Supp. 3d 1270, 1278-79 (N.D. Cal. 2014).

4         As plaintiffs cannot show Nationstar willfully violated the CCRAA, the Court should grant

5    partial summary judgment on their claim for punitive damages. *See, e.g., Banneck v. HSBC Bank*

6    *USA, N.A.*, No. 15-cv-02250-HSG, 2016 U.S. Dist. LEXIS 79980, at *29 (N.D. Cal. June 20,

7    2016); *Banga*, 29 F. Supp. 3d at 1278-79; *Natale v. TRW, Inc.*, No. C 97-3661 CRB, 1999 U.S.

8    Dist. LEXIS 3882, at *22 (N.D. Cal. Mar. 30, 1999).

9    **C.      Summary Judgment Should Be Granted on Plaintiffs' UCL Claims**

10        Plaintiffs' third and fourth counts allege violations of the UCL.  Compl., ¶¶ 40-47.  The

11   UCL prohibits unlawful, unfair, or deceptive business practices.  *Cel-Tech Commc'ns, Inc. v. L.A.*

12   *Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).  Plaintiffs allege defendants' practices were

13   "unlawful" and "deceptive." Compl., ¶¶ 41, 45.   They cannot prove either claim.

14        **1.      Plaintiffs Cannot Show Defendants Committed Any "Unlawful" Practice**

15        "Section 17200 'borrows' violations from other laws by making them independently

16   actionable as unfair competitive practices."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.

17   4th 1134, 1143 (2003).  By the same token, however, a practice that does not violate some other

18   law is not "unlawful" or a violation of that prong of the UCL.  *Renick v. Dun & Bradstreet*

19   *Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057-58 (9th Cir. 2002); *Davis v. Ford Motor Credit Co.*

20   *LLC*, 179 Cal. App. 4th 581, 592 (2009); *Kunert v. Mission Fin. Servs. Corp.*, 110 Cal. App. 4th

21   242, 262-64 (2003); *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1170-75

22   (2002).  And, a defense to a claim under the "borrowed" law is also a defense to a claim under the

23   UCL's "unlawful" prong based on that law.  *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App.

24   4th 700, 718 (2001); *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 373-75 (2001); *Scripps*

25   *Clinic v. Superior Court*, 108 Cal. App. 4th 917, 938-39 (2003).

26        Plaintiffs' claim for "unlawful" practices is premised on the alleged violations of the

27   Rosenthal Act and CCRAA discussed above.  Compl., ¶ 41.  Plaintiffs cannot prove Defendants

28   violated either statute for the reasons already stated.  Accordingly, summary judgment should also

be granted on plaintiffs' claim for "unlawful" practices under the UCL.  *See, e.g., Renick*, 290 F.3d at 1057-58 (affirming dismissal of UCL claim premised on defective claim for violation of FDCPA); *Giovanni v. Bank of Am.*, No. C 12-02530 LB, 2013 U.S. Dist. LEXIS 55585, at *23 (N.D. Cal. Apr. 17, 2013) (dismissing UCL claim premised on defective CCRAA claim).

> **2.      Plaintiffs Cannot Show Defendants Committed Any "Deceptive" Practice or Disseminated Any False Advertising**

Plaintiffs' derivative claim that defendants' practices were "deceptive" and violate the False Advertising Law fails for the same reasons.

"[T]he UCL cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law." *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1998).  "Courts may not simply impose their own notions of the day as to what is fair or unfair … When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor." *Cel-Tech Commc'ns, Inc*, 20 Cal. 4th at 182; *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1122 (9th Cir. 2009); *Lazar v. Hertz Corp*., 69 Cal. App. 4th 1494, 1505-06 (1999).  "A business practice that might otherwise be considered unfair or deceptive cannot be the basis of a section 17200 cause of action if the conduct has been deemed lawful." *Byars v. SCME Mortg. Bankers, Inc.*, 109 Cal. App. 4th 1134, 1147 (2003).

As explained above, Nationstar's credit reporting was lawful.  And plaintiffs' claim of improper collection activity is barred by the Rosenthal Act's bona fide error defense.  Plaintiffs cannot circumvent these bars to recovery through their claim for supposedly "deceptive" practices.

Plaintiffs also cannot prove that defendants' conduct was deceptive within the UCL or False Advertising Law's meaning.  To show that conduct is "deceptive," plaintiffs must show that members of the public are likely to be deceived. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992); *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1044 (9th Cir. 2010). The False Advertising Law similarly "prohibits advertising that contains 'any statement … which is untrue or misleading,  and which is known, or … should be known, to be untrue or misleading ….'" *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226 (2013) (Cal. Bus. & Prof. Code, § 17500).

Plaintiffs cannot show defendants' practices or advertising were likely to deceive the public.  Plaintiffs do not challenge any advertising, so the False Advertising Law is inapplicable. Nationstar's credit reporting of plaintiffs' account was not false or likely to mislead anyone for the reasons stated above.

Nor were Veripro's settlement offers deceptive within the meaning of the UCL.   "'In order to be deceived, members of the public must have had an expectation or an assumption about' the matter in question."  *Brakke v. Econ. Concepts, Inc*., 213 Cal. App. 4th 761, 772 (2013) (*quoting Daugherty v. Am. Honda Motor Co., Inc*., 144 Cal. App. 4th 824, 838 (2006)).  "Absent a duty to disclose, the failure to do so does not support a claim under the fraudulent prong of the UCL." *Berryman v. Merit Prop. Mgmt., Inc*., 152 Cal. App. 4th 1544, 1557 (2007).

Plaintiffs cannot establish defendants had any affirmative duty to disclose to them that section 580b provided a technical defense to repayment of their loan balance.  "The lender-borrower relationship … is normally an arms-length transaction involving no special duty to disclose.  Thus, liability for nondisclosure generally arises only when the lender is in a fiduciary position of trust and not simply a mere lender."  *Pension Tr. Fund v. Fed. Ins. Co*., 307 F.3d 944, 954 (9th Cir. 2002); *see also Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991); *Price v. Wells Fargo Bank,* 213 Cal. App. 3d 465, 476-478 (1989).

This was an ordinary arm's-length transaction involving no special duty to disclose. Defendants owed plaintiffs no other duty of care.  Plaintiffs thus cannot show that defendants had any duty to disclose any technical defense to repayment.  Summary judgment should be granted on the claim for "deceptive" practices for that reason.

**3.      Plaintiffs Are Not Entitled to Any Available Remedies**

Finally, even if plaintiffs could show defendants engaged in an unlawful or deceptive practice, summary judgment should still be granted because plaintiffs are not entitled to either of the two remedies available under the UCL.

Damages are not recoverable under the UCL.  *Korea Supply Co*., 29 Cal. 4th at 1144; *Somers v. Apple, Inc*., 729 F.3d 953, 962 n.4 (9th Cir. 2013).  "The UCL limits the remedies

1   available for UCL violations to restitution and injunctive relief ….” *Madrid v. Perot Systems*

2   *Corp.*, 130 Cal.App.4th 440, 452 (2005).  Plaintiffs are not entitled to either remedy.

3         Plaintiffs have suffered no loss eligible for restitution.  Restitution under the UCL

4   “operates only to return to a person those measurable amounts which are wrongfully taken by

5   means of an unfair business practice.” *Day v. AT&T Corp.*, 63 Cal.App.4th 325, 339 (1998);

6   (emphasis in original).  For there to be restitution, the plaintiff must show that “[t]he offending

7   party … obtained something to which it was not entitled and the victim … [gave] up something

8   which he or she was entitled to keep.” *Id.* at 340 (citations omitted); *see also Madrid*, 130 Cal.

9   App. 4th at 453.

10         Plaintiffs never paid any amount to Veripro or Nationstar on their loan.  Livingston Decl.,

11   ¶ 16; Loll Decl., ¶ 12; Kemp Decl., Ex. A [81:15-25]. Ex. B [22:9-18, 64:13-14].  They thus

12   cannot show they suffered any loss eligible for restitution.  *Marble Bridge Funding Grp., Inc. v.*

13   *Euler Hermes Am. Credit Indem. Co.*, 225 F. Supp. 3d 1034, 1045 (N.D. Cal. 2016)  (granting

14   summary judgment on UCL restitution claim where plaintiff “has submitted no evidence of money

15   it paid to [the defendant] that could be ordered returned as restitution”)..

16         Plaintiffs also are not entitled to injunctive relief.  “Injunctive relief is appropriate only

17   when there is a threat of continuing misconduct.” *Madrid*, 130 Cal. App. 4th at 463; *Gafcon, Inc.*

18   *v. Ponsor & Associates*, 98 Cal. App. 4th 1388, 1403, n. 6 (2002).  It should not be issued as

19   punishment for past acts.  *Scripps Health v. Marin*, 72 Cal. App. 4th 324, 332 (1999); *People v.*

20   *Toomey*, 157 Cal. App. 3d 1, 20 (1984) (citations omitted).

21         Here, plaintiffs lack standing to seek an injunction because they cannot show “any real or

22   immediate threat that [they] will be wronged again ….” *City of Los Angeles v. Lyons*, 461 U.S.

23   95, 111 (1983); *see also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999);

24   *Nelsen v. King Cty.*, 895 F.2d 1248, 1250-55 (9th Cir. 1990).  Veripro has already closed

25   plaintiffs’ account and halted all collection activity.  Kemp Decl., Ex. G [119:7-120:17].

26   Nationstar stopped furnishing information about plaintiffs’ account in March 2016, *see* Loll Decl.,

27   ¶¶ 14-15, and its tradeline no longer appears on their credit reports as more than seven years have

28   elapsed from the date of first delinquency.  Kemp Decl., Ex. C [143:5-144:9], Ex. D [166:3-

1   167:22]. Plaintiffs have no evidence that Veripro will send them collection correspondence in the

2   future or that Nationstar will resume furnishing information about their account to the credit

3   reporting agencies. They therefore lack standing to seek any injunction under the UCL. *Madrid*,

4   130 Cal. App. 4th at 463; *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021-22

5   (9th Cir. 2004) (reversing injunction ordered by district court because plaintiff lacked stranding);

6   *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-cv-04000-EMC, 2016 U.S. Dist.

7   LEXIS 93232, at *16 (N.D. Cal. July 18, 2016) (granting summary judgment on UCL injunctive

8   relief claim because plaintiff "has not shown any threat of future injury").

9        As plaintiffs are not entitled to either restitution or injunctive relief, summary judgment on

10   their UCL claims should be granted for that additional reason. *Direct List Ltd. Liab. Co. v.*

11   *Vistage Int'l, Inc.*, No. 15cv2025-WQH-JLB, 2016 U.S. Dist. LEXIS 152830, at *29 (S.D. Cal.

12   Nov. 3, 2016) (granting summary judgment where plaintiff "failed to demonstrate a genuine

13   dispute of material fact as to whether it is entitled to either of the two remedies 'allowed under the

14   UCL'"); *Quigley v. Am. Claims Servs.*, No. 2:13-cv-01766-KJM-EFB, 2015 U.S. Dist. LEXIS

15   33801, at *14-17 (E.D. Cal. Mar. 18, 2015) (same).

16                                    **V.  CONCLUSION**

17        For the reasons stated above, the Court should grant defendants' motion for summary

18   judgment. Alternatively, the Court should enter partial summary judgment in defendants' favor on

19   each of plaintiffs' four counts, their claim for actual and statutory damages under the Rosenthal

20   Act, and their claim for punitive damages under the CCRAA.

21   DATED:  April 20, 2020                SEVERSON & WERSON
                                          A Professional Corporation
22

23
                                          By:  _____
                                                      */s/ Erik Kemp*
24                                                   ERIK KEMP

25                                        Attorneys for Defendants
                                          NATIONSTAR MORTGAGE LLC and VERIPRO
26                                        SOLUTIONS INC.

27

28