JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
LASZLO LADI (State Bar No. 265564)
ll@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
NATIONSTAR MORTGAGE LLC and
VERIPRO SOLUTIONS INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAQUELIA WASHINGTON TOLAND and GEORGIA TOLAND, individually and on behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; VERIPRO SOLUTIONS INC., a Delaware corporation; and DOES 1 through 20,<br><br>    Defendants. | Case No. 3:17-cv-02575-JD<br><br>**DECLARATION OF ERIK KEMP IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:  August 13, 2020<br>Time:  10:00 a.m.<br>Ctrm.:  11<br>Judge:  Hon. James Donato<br><br>Action Filed: March 24, 2017 |

I, Erik Kemp, declare and state as follows:

1.  I am an attorney licensed to practice before this Court.  I am a member of Severson & Werson, P.C., attorneys of record for defendants Nationstar Mortgage LLC and Veripro Solutions, Inc. in this action.  I make this declaration in support of defendants' motion for summary judgment or, in the alternative, partial summary judgment.  I have personal knowledge of the matters set forth in this declaration, and if called upon to do so, I could and would testify competently to same.

1   2.      On November 8, 2018, my office served Nationstar's first set of interrogatories on

2   plaintiffs' counsel.  A true copy of this first set of interrogatories is attached as Exhibit A.

3   3.      On August 29, 2019, my office received plaintiffs' supplemental response to

4   Nationstar's first set of interrogatories.  A true copy of this supplemental response is attached as

5   Exhibit B.

6   I declare under penalty of perjury under the laws of the United States of America that the

7   foregoing is true and correct.  This declaration was executed on April 20, 2020, in San Francisco,

8   California.

9

10   _____

11   Erik Kemp

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ERIK KEMP IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# EXHIBIT A

1  JOHN B. SULLIVAN (State Bar No. 96742)
   jbs@severson.com
2  ERIK KEMP (State Bar No. 246196)
   ek@severson.com
3  LASZLO LADI (State Bar No. 265564)
   ll@severson.com
4  SEVERSON & WERSON
   A Professional Corporation
5  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
6  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
7
   Attorneys for Defendants
8  NATIONSTAR MORTGAGE LLC and VERIPRO
   SOLUTIONS INC.
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  TAQUELIA WASHINGTON TOLAND and         Case No. 3:17-cv-02575-JD
    GEORGIA TOLAND, individually and on
14  behalf of All Others Similarly Situated,   **NATIONSTAR MORTGAGE LLC'S
                                               RESPONSES TO PLAINTIFFS' FIRST
15              Plaintiffs,                     SET OF SPECIAL INTERROGATORIES**

16       vs.                                   Action Filed:      March 24, 2017

17  NATIONSTAR MORTGAGE LLC, a
    Delaware limited liability company;
18  VERIPRO SOLUTIONS INC., a Delaware
    corporation, and DOES 1 through 20,
19
                Defendants.
20

21  PROPOUNDING PARTY: TAQUELIA WASHINGTON TOLAND and GEORGIA TOLAND

22  RESPONDING PARTY:   NATIONSTAR MORTGAGE LLC

23  SET NO.:            ONE

24       Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 26 and 33, defendant

25  Nationstar Mortgage LLC ("Nationstar") responds to plaintiffs Taquelia Washington Toland's and

26  Georgia Toland's  ("Plaintiffs") first set of interrogatories (the "Interrogatories") as follows:

27                      **GENERAL OBJECTIONS**

28       1.   Nationstar objects to these Interrogatories to the extent that they purport to impose

1   obligations on Nationstar greater than those required under FRCP Rules 26 and 33. In responding to

2   these Interrogatories, Nationstar will comply with its obligations under FRCP Rules 26 and 33 and

3   other applicable provisions of federal law, but will not provide additional information requested by

4   Plaintiffs or take other steps not required under the FRCP.

5         2.      Pursuant to FRCP Rule 26(b)(2)(B), Nationstar will not provide information that is

6   not reasonably accessible because of undue burden or cost.

7         3.      Nationstar objects that several of the Interrogatories ask Nationstar to draw a legal

8   conclusion in order to provide information. Nationstar, as a non-lawyer entity, will not respond to

9   such interrogatories.

10        4.      Nationstar objects to these Interrogatories to the extent they purport to seek

11  information relating to purported absent class members. Nationstar maintains that this case is not

12  appropriate for class certification and that, even if a class were ultimately certified, the class

13  definition would have to be limited and/or altered significantly as the class is currently defined as

14  an impermissible fail-safe class in which membership hinges on the merits of Plaintiffs' claims.

15  Class certification has not yet been adjudicated. Therefore, Plaintiffs have no standing to represent

16  any purported absent class members and cannot issue discovery requests on their behalf.

17  Interrogatories seeking information related to purported absent class members are not relevant to

18  the proceeding as they are not related to either parties' claims or defenses. (*See* Fed. R. Civ. P.

19  26(b)(1).)

20        5.      Nationstar objects to these Interrogatories, and to each interrogatory contained

21  herein, to the extent that it directly or indirectly seeks information based on information which is

22  protected by the attorney-client privilege, work product doctrine or other applicable privileges

23  which prevent disclosure of such information. Any disclosure of privileged information in its

24  responses to these Interrogatories is unintentional and should not be deemed a waiver of privilege

25  by Nationstar.

26        6.      Nationstar objects to the Interrogatories to the extent that they request proprietary,

27  private, and/or sensitive or confidential information. Nationstar will not disclose such information

28  unless, and until, the parties finalize an appropriate protective order protecting such information

1   from disclosure to third parties.

2        7.    Nationstar is continuing its investigation and makes these responses based on

3   information it has obtained to date. Nationstar reserves the right to revise, correct, supplement, or

4   clarify any of these responses as may be warranted by the Nationstar's ongoing investigation in its

5   defense of this action.

6        8.    Each of these responses and general objections is incorporated into Nationstar's

7   responses to the individual interrogatories set forth below, as if fully set forth therein.

8   **RESPONSES TO SPECIAL INTERROGATORIES**

9   **SPECIAL INTERROGATORY NO. 1:**

10      State the total number of borrowers who were sent FORM letters during the CLASS

11  PERIOD in the form of Exhibits "A," "B," and/or "C" to the Complaint in this case.

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

13      Nationstar objects that the interrogatory is overbroad and unduly burdensome, particularly

14  insofar as it seeks the total number of borrowers who received the form letters, which includes

15  those whose mortgage loans or home equity lines of credit were not extinguished by foreclosure

16  sale, short sale, or otherwise. Nationstar further objects that the interrogatory is overbroad and

17  unduly burdensome to the extent it asks for information about all borrowers when this lawsuit only

18  pertains to borrowers in California. Nationstar further objects that this interrogatory seeks

19  information that is not relevant to the claims or defenses of the parties.

20      Subject to its specific and general objections stated above, and without waiver of any of

21  those objections, Nationstar responds: Nationstar believes that in California, during the Class

22  Period, the form letters attached as Exhibits "A," "B," and "C" to the Complaint were sent to

23  approximately 300 accounts with second mortgages or home equity lines of credit on which it has

24  since been determined that a foreclosure or short sale took place on first lien before the letters were

25  sent.

26  **SPECIAL INTERROGATORY NO. 2:**

27      Of the number provided in response to Interrogatory No. 1, state the number of borrowers

28  who were sent FORM letters during the CLASS PERIOD in the form of Exhibits "A," "B," and/or

1  "C" to the Complaint based on a mortgage or home equity line of credit that NATIONSTAR

2  MORTGAGE LLC originated that was secured by real property located in California.

3  **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

4         Nationstar incorporates its objections to Interrogatory No. 1. Nationstar further objects that

5  this interrogatory is vague and ambiguous. Nationstar objects that the interrogatory is overbroad

6  and unduly burdensome, particularly insofar as it seeks the total number of borrowers who received

7  the form letters, which includes those whose mortgage loans or home equity lines of credit were not

8  extinguished by foreclosure sale, short sale, or otherwise. Nationstar further objects that the

9  interrogatory is overbroad and unduly burdensome to the extent it requires Nationstar to determine

10 which entity originated each of the loans at issue. Nationstar further objects that this interrogatory

11 seeks information that is not relevant to the claims or defenses of the parties.  Nationstar further

12 objects that responding to this interrogatory would be unduly burdensome and oppressive as it

13 cannot definitively determine which loans were originated by Nationstar or other entities without an

14 individual review of each loan.

15 **SPECIAL INTERROGATORY NO. 3:**

16        Of the number provided in response to Interrogatory No. 1, state the number of borrowers

17 who were sent FORM letters during the CLASS PERIOD in the form of Exhibits "A," "B," and/or

18 "C" to the Complaint based on a mortgage and/or home equity line of credit that any entity other

19 than NATIONSTAR MORTGAGE LLC originated that was secured by real property located in

20 California.

21 **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

22        Nationstar incorporates its objections to Interrogatory No. 1. Nationstar further objects that

23 this interrogatory is vague and ambiguous. Nationstar objects that the interrogatory is overbroad

24 and unduly burdensome insofar as it seeks the total number of borrowers who received the form

25 letters, which includes those whose mortgage loans or home equity lines of credit were not

26 extinguished by foreclosure sale, short sale, or otherwise. Nationstar further objects that the

27 interrogatory is overbroad and unduly burdensome to the extent it requires Nationstar to determine

28 which entity originated each of the loans at issue. Nationstar further objects that this interrogatory

1  seeks information that is not relevant to the claims or defenses of the parties. Nationstar further

2  objects that responding to this interrogatory would be unduly burdensome and oppressive as it

3  cannot definitively determine which loans were originated by Nationstar or other entities without an

4  individual review of each loan.

5  **SPECIAL INTERROGATORY NO. 4:**

6        Of the number provided in response to Interrogatory No. 1, provide YOUR best estimate of

7  the percentage of loans that (a) were PURCHASE MONEY LOANS for which FORM letters were

8  sent during the CLASS PERIOD in the form of Exhibits "A," "B," and/or "C" to the Complaint and

9  (b) where there had also been a prior foreclosure sale or prior short sale of California real property

10  securing the loan before a FORM letter was sent.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

12        Nationstar incorporates its objections to Interrogatory No. 1. Nationstar further objects that

13  this interrogatory is vague and ambiguous. Nationstar further objects that this interrogatory is

14  compound and contains subparts. Nationstar objects that the interrogatory is overbroad and unduly

15  burdensome.

16        Subject to its specific and general objections stated above, and without waiver of any of

17  those objections, Nationstar responds: Nationstar responds that 300 of the accounts identified in

18  response to interrogatory no. 1 had a foreclosure sale occur before the letter was sent. Nationstar is

19  unable to determine the percentage of those loans that were purchase-money without a review of

20  each loan file and/or information from third-party originators and loan servicers regarding the loans.

21  Nationstar objects to conducting that review as unduly burdensome and oppressive.

22  **SPECIAL INTERROGATORY NO. 5:**

23        State all facts supporting the estimate YOU provided in response to the preceding

24  interrogatory.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

26        Nationstar incorporates its objections to Interrogatory No. 1. Nationstar further objects that

27  this interrogatory is vague and ambiguous. Nationstar further objects that this interrogatory is

28  compound and contains subparts. Nationstar objects that the interrogatory is overbroad and unduly

1  burdensome.

2       Subject to its specific and general objections stated above, and without waiver of any of

3  those objections, Nationstar responds: Veripro's practice is not to send collection correspondence

4  on junior liens in California when it was aware that a foreclosure sale had already occurred on a

5  senior lien. In limited cases, however, Veripro may not have been aware that a foreclosure on the

6  senior lien had already occurred when a collection letter was sent. Veripro queried its records to

7  identify all junior liens on which it sent a collection letter in the form of Exhibit A, B, or C and for

8  which its current records now reveal that a foreclosure on the senior lien had already occurred when

9  the letter was sent. That query identified 300 loans. Nationstar is unable to determine the percentage

10  of those loans that were purchase-money without a review of each loan file and/or information from

11  third-party originators and loan servicers regarding the loans. Nationstar objects to conducting that

12  review as unduly burdensome and oppressive.

13  **SPECIAL INTERROGATORY NO. 6:**

14       IDENTIFY all DOCUMENTS and DATA indicating whether loans on which FORM letters

15  were sent during the CLASS PERIOD in the form of Exhibits "A," "B," and/or "C" to the

16  Complaint were PURCHASE MONEY LOANS.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

18       Nationstar objects that this interrogatory is vague and ambiguous. Nationstar further objects

19  that the interrogatory is overbroad and unduly burdensome insofar as it seeks information about all

20  borrowers who received the form letters, which includes those whose mortgage loans or home

21  equity lines of credit were not extinguished by foreclosure sale, short sale, or otherwise. Nationstar

22  further objects that the interrogatory is overbroad and unduly burdensome to the extent it asks for

23  information about all borrowers when this lawsuit only pertains to borrowers in California.

24  Nationstar further objects that this interrogatory seeks information that is not related to the claims

25  or defenses of the parties.

26       Subject to its specific and general objections stated above, and without waiver of any of

27  those objections, Nationstar responds: documents prepared during origination of the loan may

28  demonstrate whether or not each loan was or was not a purchase money loan. These documents

1 | vary based on each transaction. Typically, some of these documents would include the borrower's

2 | loan application, HUD-1 settlement statement, and escrow instructions.

3 | **SPECIAL INTERROGATORY NO. 7:**

4 | IDENTIFY all DOCUMENTS and DATA indicating whether loans on which FORM letters

5 | during the CLASS PERIOD in the form of Exhibits "A," "B," and/or "C" to the Complaint were

6 | sent had previously been rendered unsecured due to a prior foreclosure sale or prior short sale of

7 | California real property securing the loan.

8 | **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

9 | Nationstar objects that this interrogatory is vague and ambiguous. Nationstar further objects

10 | that the interrogatory is overbroad and unduly burdensome.

11 | Subject to its specific and general objections stated above, and without waiver of any of

12 | those objections, Nationstar responds: The documents and records would vary based on each loan.

13 | Typically, some of these documents would include foreclosure notices, title records, credit reports,

14 | and records and research received from third parties, such as CoreLogic.

15 | **SPECIAL INTERROGATORY NO. 8:**

16 | IDENTIFY all DOCUMENTS and DATA recording payments YOU received on mortgages

17 | and/or home equity lines of credit secured by California real property on which FORM letters were

18 | sent during the CLASS PERIOD in the form of Exhibits "A," "B," and/or "C" to the Complaint

19 | after the dates of such letters.

20 | **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

21 | Nationstar objects that this interrogatory is vague and ambiguous. Nationstar further objects

22 | that the interrogatory is overbroad and unduly burdensome insofar as it seeks information about all

23 | payments, including those unrelated to any form letters or any conduct of Nationstar. Nationstar

24 | further objects that this interrogatory seeks information that is not related to the claims or defenses

25 | of the parties.

26 | Subject to its specific and general objections stated above, and without waiver of any of

27 | those objections, Nationstar responds: The documents and records would vary based on each loan.

28 | Typically the documents would include Veripro's payment history for each loan, and checks or

1   evidence of actual payments.

2   **SPECIAL INTERROGATORY NO. 9:**

3          State YOUR practices during the CLASS PERIOD for reporting PURCHASE MONEY

4   LOANS to Experian, Equifax, and/or Transunion after a foreclosure sale or a short sale of the

5   property securing the mortgage loan and/or home equity line of credit.

6   **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

7          Nationstar objects that this interrogatory is vague and ambiguous. Nationstar further objects

8   that the interrogatory is overbroad and unduly burdensome to the extent it asks for information

9   about Nationstar's policies and procedures in states other than California. Nationstar further objects

10  that the interrogatory is overbroad and unduly burdensome, particularly insofar as it seeks

11  information about the credit reporting practices for first mortgages following foreclosure or a short

12  sale, when this lawsuit only pertains to second mortgages. Nationstar further objects that this

13  interrogatory seeks information that is not related to the claims or defenses of the parties.

14         Subject to its specific and general objections stated above, and without waiver of any of

15  those objections, Nationstar responds that a response to this interrogatory would require an

16  examination, audit, compilation, abstract, or summary of Nationstar's business records, and that the

17  burden of determining this answer would be substantially the same for Plaintiffs as it would be to

18  Nationstar. Accordingly, Nationstar exercises its right pursuant to Fed. R. Civ. P. 33(d) and refers

19  Plaintiffs to the records produced by Nationstar reflecting policies and procedures relating to credit

20  reporting.

21  **SPECIAL INTERROGATORY NO. 10:**

22         IDENTIFY all DOCUMENTS and DATA setting forth YOUR practices during the CLASS

23  PERIOD for reporting PURCHASE MONEY LOANS to Experian, Equifax, and/or Transunion

24  after a foreclosure sale or a short sale of the property securing the mortgage loan and/or home

25  equity line of credit.

26  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

27         Nationstar objects that this interrogatory is vague and ambiguous. Nationstar further objects

28  that the interrogatory is overbroad and unduly burdensome to the extent it asks for information

1  about Nationstar's policies and procedures in states other than California. Nationstar further objects

2  that the interrogatory is overbroad and unduly burdensome, particularly insofar as it seeks

3  information about the credit reporting practices for first mortgages following foreclosure or a short

4  sale, when this lawsuit only pertains to second mortgages. Nationstar further objects that this

5  interrogatory seeks information that is not related to the claims or defenses of the parties.

6      Subject to its specific and general objections stated above, and without waiver of any of

7  those objections, Nationstar responds that a response to this interrogatory would require an

8  examination, audit, compilation, abstract, or summary of Nationstar's business records, and that the

9  burden of determining this answer would be substantially the same for Plaintiffs as it would be to

10  Nationstar. Accordingly, Nationstar exercises its right pursuant to Fed. R. Civ. P. 33(d) and refers

11  Plaintiffs to the records produced by Nationstar reflecting policies and procedures relating to credit

12  reporting.

13  **SPECIAL INTERROGATORY NO. 11:**

14      Did VERIPRO SOLUTIONS INC. send the FORM letters in the form of Exhibits "A," "B,"

15  and/or "C" to the Complaint during the CLASS PERIOD on behalf of NATIONSTAR

16  MORTGAGE LLC?

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

18      Nationstar objects that this interrogatory is vague and ambiguous. Nationstar further objects

19  that the interrogatory is overbroad and unduly burdensome, particularly insofar as it seeks

20  information about all form letters sent to all borrower, which includes those whose mortgage loans

21  or home equity lines of credit were not extinguished by foreclosure sale, short sale, or otherwise,

22  and it includes those outside California. Nationstar further objects that this interrogatory seeks

23  information that is not relevant to the claims or defenses of the parties.

24      Subject to its specific and general objections stated above, and without waiver of any of

25  those objections, Nationstar responds: Yes.

26  **SPECIAL INTERROGATORY NO. 12:**

27      If any other entity sent FORM letters on behalf of NATIONSTAR MORTGAGE LLC

28  during the CLASS PERIOD in an attempt to collect a balance remaining on PURCHASE MONEY

1  MORTGAGES after a foreclosure sale or short sale of the real property securing the loan,

2  IDENTIFY all other entities that sent FORM letters on behalf of NATIONSTAR MORTGAGE

3  LLC.

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

5        Nationstar objects that this interrogatory is vague and ambiguous. Nationstar further objects

6  that the interrogatory is overbroad and unduly burdensome insofar as it seeks information about all

7  form letters sent to all borrower, which includes those whose mortgage loans or home equity lines of

8  credit were not extinguished by foreclosure sale, short sale, or otherwise, and it includes those

9  outside California. Nationstar further objects that this interrogatory seeks information that is not

10  relevant to the claims or defenses of the parties.

11        Subject to its specific and general objections stated above, and without waiver of any of those

12  objections, Nationstar responds that no other entity sent letters as described above.

13  DATED: November 8, 2018             SEVERSON & WERSON
                                    A Professional Corporation

14

15

16                                By: _____
                                      Laszlo Ladi

17

18                                Attorneys for Defendants NATIONSTAR MORTGAGE
                              LLC and VERIPRO SOLUTIONS INC.

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

1

2   I, _Phillip Livingston_, am employed by Nationstar Mortgage LLC and am authorized

3   to make this verification on behalf of it. Based upon my review of business records, information

4   assembled by authorized agents at Nationstar, and/or my personal knowledge, the facts stated in

5   Nationstar's responses to Plaintiffs' first set of special interrogatories are true and correct to the best

6   of my knowledge, information, and belief.

7       I declare under penalty of perjury under the laws of the United States of America that the

8   foregoing is true and correct.

9       Executed this 8 th day of November, 2018.

10

11   By: _____

12                           NAME

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
*Toland v. Nationstar Mortgage LLC, et al.*
U.S. Northern District Court Case No. 3:17-cv-02575-JD

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On November 8, 2018, I served true copies of the following document(s):

**NATIONSTAR MORTGAGE LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF SPECIAL INTERROGATORIES**

on the interested parties in this action as follows:

| | |
|---|---|
| Arthur D. Levy | Attorneys for Plaintiffs |
| Noah Zinner | |
| Housing & Economic Rights Advocates | Telephone:   (415) 702-4551 |
| P.O. Box 29435 | Facsimile:   (415) 814-4080 |
| Oakland, CA  94604 | |
| | |
| Bryan Kemnitzer | Attorneys for Plaintiffs |
| Kristin Kemnitzer | |
| Kemnitzer, Barron & Krieg LLP | Telephone:   (415) 632-1900 |
| 445 Bush Street, 6th Floor | Facsimile:   (415) 632-1901 |
| San Francisco, CA  94108 | |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 8, 2018, at San Francisco, California.

SANDRA CHAO

# EXHIBIT B

ARTHUR D. LEVY (SB # 95659)
GINA DI GIUSTO (SB #293252)
NATALIE LYONS (SB #293026)
HOUSING AND ECONOMIC RIGHTS ADVOCATES
P.O. Box 29435
Oakland, California 94604
Telephone: (415) 702-4551
Facsimile: (415) 814-4080
arthur@yesquire.com
gdigiusto@heraca.org
nlyons@heraca.org

BRYAN KEMNITZER (SB # 66401)
KRISTIN KEMNITZER (SB # 278946)
KEMNITZER, BARRON & KRIEG, LLP
354 Pine Street, Fifth Floor
San Francisco, CA 94104
Telephone: (415) 632-1900
Facsimile: (415) 632-1900
bryan@kbklegal.com
kristin@kbklegal.com

Attorneys for Plaintiffs TAQUELIA WASHINGTON TOLAND and GEORGIA TOLAND,
Individually and on Behalf of All Others Similarly Situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAQUELIA WASHINGTON TOLAND and GEORGIA TOLAND, individually and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; VERIPRO SOLUTIONS INC., a Delaware corporation, and DOES 1 through 20,<br><br>Defendants. | Case No. 3:17-cv-02575-JD<br><br><br>**PLAINTIFFS' *SUPPLEMENTAL* RESPONSE TO DEFENDANT NATIONSTAR MORTGAGE LLC'S INTERROGATORIES (SET ONE)** |

**PLAINTIFFS' *SUPPLEMENTAL* RESPONSE TO DEFENDANT NATIONSTAR MORTGAGE LLC'S INTERROGATORIES (SET ONE)**

PROPOUNDING PARTY:   Nationstar Mortgage LLC

RESPONDING PARTIES:   Plaintiffs Taquelia Washington Toland and Georgia Toland

SET NUMBER:   One

Pursuant to Fed. R. Civ. P. 26(b) and 33, Plaintiffs, Taquelia Washington Toland and Georgia Toland, by their undersigned attorneys, hereby furnish supplemental responses to Defendant Nationstar Mortgage LLC's first set of interrogatories:

## PRELIMINARY STATEMENT

Plaintiffs have not completed their investigation or analysis of the facts relating to this case, have not completed discovery, and have not completed preparation for trial. Accordingly, the responses herein given are without prejudice to Plaintiffs. Plaintiffs reserve the right to produce evidence of any subsequently discovered facts or interpretations thereof and/or to add to, modify or otherwise change or amend the responses herein.

The information hereinafter set forth is true and correct to the best knowledge of Plaintiffs at this particular time and is subject to correction for inadvertent errors or omissions, if any errors or omissions shall hereafter be found to exist. Plaintiffs expressly reserve the right to supplement their responses as additional information is forthcoming through the discovery process.

Plaintiffs object to each of these requests to the extent that they call for information which is privileged, and/or which has been prepared by Plaintiffs' attorneys in anticipation of litigation or for trial, or which is irrelevant to this action and which does not appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object that the disclosure of the requested information invades the attorney work-product privilege concerning consulting experts.

Plaintiffs further object to each request to the extent they are vague or overly broad. These general objections are incorporated into each response below, and responses stated are subject to all of the objections.

**INTERROGATORY NO. 1:** What is the total dollar amount of damages YOU contend YOU are entitled to recover from DEFENDANTS in this action?

**ORIGINAL RESPONSE:**

Plaintiffs object to this request to the extent that it seeks information that is privileged under the attorney-client privilege and/or is protected from disclosure under the work-product doctrine. Plaintiffs further object to this to the extent that it seeks premature and privileged expert witness information.

Without waiving and subject to the objections and limitations stated in the General Objections and Objections to Instructions and Definitions stated above, Plaintiffs respond as follows:

At the present time and without prejudice to Plaintiffs' right to supplement and amend this response, Plaintiffs' current best estimate of the amount of damages they are personally entitled to recover includes $1,290.75 for the cost of credit reports and credit repair services (*see* Bates Nos. TOLAND 00173, 243, 247, 251, 256, 279, 283, 322; plus punitive damages under Civil Code §1785.31(a)(2)(B) and (c) of $5,000 for each violation; plus statutory damages of $1,000 each, or a share of the Class recovery, as appropriate under Civil Code § 1788.17. This estimate is subject to revision and change as discovery and investigation proceeds.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs object to this request to the extent that it seeks information that is privileged under the attorney-client privilege and/or is protected from disclosure under the work-product doctrine. Plaintiffs further object to this to the extent that it seeks premature and privileged expert witness information.

Without waiving and subject to the objections and limitations stated in the General Objections and Objections to Instructions and Definitions stated above, Plaintiffs respond as follows:

At the present time and without prejudice to Plaintiffs' right to supplement and amend this response, Plaintiffs' current best estimate of the amount of damages they are personally entitled to recover includes $1,403.60 for the cost of credit reports and credit repair services (*see* Bates Nos. TOLAND 00173, 243, 247, 251, 256, 279, 283, 322, 672); $1,364.79 for the cost of interest

payments on Plaintiff Georgia Toland's auto loan (*see* Georgia Toland Deposition Testimony, July 18, 2019, 64:4-66:1; Bates Nos. TOLAND 00673-75); plus punitive damages under Civil Code § 1785.31(a)(2)(B) and (c) of $5,000 for each violation; plus statutory damages of $1,000 each, or a share of the Class recovery, as appropriate under Civil Code § 1788.17. This estimate is subject to revision and change as discovery and investigation proceeds.

Respectfully submitted,

DATED:  August 29, 2019          */s/ Natalie Lyons_____*

NATALIE LYONS (SB# 293026)

ARTHUR D. LEVY (SB # 95659)
GINA DI GIUSTO (SB #293252)
NATALIE LYONS (SB #293026)
HOUSING AND ECONOMIC RIGHTS ADVOCATES
P.O. Box 29435
Oakland, California 94604
Telephone: (415) 702-4551
Facsimile: (415) 814-4080
arthur@yesquire.com
gdigiusto@heraca.org
nlyons@heraca.org

BRYAN KEMNITZER (SB # 66401)
KRISTIN KEMNITZER (SB # 278946)
KEMNITZER, BARRON & KRIEG, LLP
354 Pine Street, Fifth Floor
San Francisco, CA 94104
Telephone: (415) 632-1900
Facsimile: (415) 632-1900
bryan@kbklegal.com
kristin@kbklegal.com

Attorneys for Plaintiffs TAQUELIA WASHINGTON TOLAND and GEORGIA TOLAND