JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
LASZLO LADI (State Bar No. 265564)
ll@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
NATIONSTAR MORTGAGE LLC and
VERIPRO SOLUTIONS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAQUELIA WASHINGTON TOLAND and GEORGIA TOLAND, individually and on behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; VERIPRO SOLUTIONS INC., a Delaware corporation; and DOES 1 through 20,<br><br>                    Defendants. | Case No. 3:17-cv-02575-JD<br><br>**DEFENDANTS' REPLY TO *RENEWED* MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND TESTIMONY OF EVAN HENDRICKS**<br><br>Date:      August 13, 2020<br>Time:      10:00 a.m.<br>Ctrm.:     11<br>Judge:     Hon. James Donato<br><br>Action Filed:   March 24, 2017 |

1                         Case No. 3:17-cv-02575-JD

1

2

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

3

4   I. INTRODUCTION ...................................................................................................5

5   II. ARGUMENT ........................................................................................................6

6       A.   Plaintiffs Have Not Shown Hendricks Has Sufficient Expertise to Qualify. .............6

7       B.   Plaintiffs Have Not Shown Hendricks' Opinions Are Reliable. .............................11

8       C.   Plaintiffs Have Not Shown Hendricks' Opinions Would Aid, Rather than
           Confuse the Jury. ..................................................................................................12

9

10   III. CONCLUSION ...................................................................................................12

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY TO RENEWED MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND
TESTIMONY OF EVAN HENDRICKS

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5
*Anderson v. Equifax Info. Servs., LLC,*
    2018 U.S. Dist. LEXIS 52939 (D. Kan. March 29, 2018)  ................................... 10

6
*Apodaca v. Discover Fin. Servs.,*
7     417 F.Supp.2d 1220 (D.N.M. 2006) ....................................................................... 7

8
*Coker v. JP Morgan Chase Bank, N.A.,*
    62 Cal. 4th 667 (2016).............................................................................................. 8
9

10
*Crow Tribe of Indians v. Racicot,*
    87 F.3d 1039 (9th Cir. 1996)................................................................................... 8

11
*Kuns v. Ocwen Loan Servicing, LLC,*
12     611 Fed. Appx. 398 (9th Cir 2015) ..................................................................... 7, 8

13
*Malverty v. Equifax Info. Servs., LLC,*
    2019 U.S. Dist. LEXIS 186082 (M.D. Fla. Oct. 28, 2019)................................... 10
14

15
*Nieves-Villanueva v. Soto-Rivera,*
    133 F.3d 92 (1st Cir. 1997) .................................................................................... 8

16
*Sandigo v. Ocwen Loan Servicing, LLC,*
17     2019 U.S. Dist. LEXIS 105412 (N.D. Cal. June 24, 2019) .................................. 8

18
*Sloane v. Equifax Information Services, Inc.,*
    2006 WL 5376431 (E.D.Va. 2006) ......................................................................... 7
19

20
*Thomas v. TransUnion,*
    2002 WL 34369445 (D.Or. 2002) ........................................................................... 7

21
*United States v. Diaz,*
22     876 F.3d 1194 (9th Cir. 2017)................................................................................. 9

23
*United States v. Duncan,*
    42 F.3d 97 (2d Cir. 1994)........................................................................................ 9
24

25
*Valenzuela v. Equifax Info. Servs. LLC,*
    2015 U.S. Dist. LEXIS 151064 (D. Ariz. November 6, 2015)  ........................... 10

26
*Yourke v. Experian Info. Solutions, Inc.,*
27     2007 U.S.Dist.LEXIS 47558 (N.D.Cal. June 20, 2007, No. C 06-2370 CW) ..................... 6, 7

28

DEFENDANTS' REPLY TO RENEWED MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND
TESTIMONY OF EVAN HENDRICKS

*Zhang v. Am. Gem Seafoods, Inc.*,
    339 F.3d 1020 (9th Cir. 2003) ............................................................................................. 9

**Statutes**

FCRA ............................................................................................................................................. 8

DEFENDANTS' REPLY TO RENEWED MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND
TESTIMONY OF EVAN HENDRICKS

1

2                                  **I.  INTRODUCTION**

3          Plaintiffs' opposition to Defendants' motion to exclude or limit the testimony of Plaintiffs'

4   designated expert Evan Hendricks seems to focus on demonstrating that for all the cases where

5   Hendricks has been excluded or limited, there are also cases where Hendricks has been accepted.

6   However, it is without question that Hendricks has been excluded or limited numerous times and

7   based on reasons similar to those raised by Defendants here in this motion. And for good reason.

8   As demonstrated by the motion and below, Hendricks' opinions contain a mix of legal

9   conclusions, citations and quotations of the law, and unsupported speculation about the named

10  Plaintiffs and the putative class members' credit damages. There are sound reasons to exclude

11  entirely or limit Hendricks' testimony on each of these matters, as many other courts have done

12  with Hendricks in the past.

13         And contrary to the throwaway argument made by Plaintiffs only in their introduction

14  (Opp'n at 1:8–28), Defendants correctly directed their arguments at Hendricks' actual opinions.[1] It

15  is Plaintiffs who egregiously re-wrote and re-organized Hendricks' opinions.[2]

16         There are also sound reasons and precedent to exclude Hendricks entirely. Ultimately,

17  Hendricks is an industry outsider who writes and testifies about privacy and credit reporting and

18  what he believes those in the industry should do, all without any firsthand experience in the

19  industry himself. Nothing in Plaintiffs' opposition refutes this fact.

20         For these reasons and those in the motion itself, the Court should grant the motion and

21  entirely exclude Hendricks from testifying or severely limit his testimony.

---

22  [1] Defendants cited in their background facts, verbatim, the headings used by Hendricks to describe

23  his five opinions (except for opinion five, which was shortened). These headings are also repeated
    in slightly longer prose in Hendricks' "Summary of Opinions." (Kemp Decl., Ex. A at 2, 3 [Dkt

24  No. 86-1].)

25  [2] For example, Plaintiffs entirely ignore Hendricks' fifth opinion, on page 18 to 19 that
    Nationstar's reporting violated Metro 2 reporting protocols and the California anti-deficiency law.

26  (Kemp Decl., Ex. A at 18, 19.) They characterize Hendricks' first opinion as focused only on
    industry standards, and cut it in half (with the other half as two other opinions). In reality,

27  Hendricks' first opinion was titled "Nationstar's Credit Reporting of Plaintiffs' Second Mortgage
    Was Inaccurate and Incomplete," it spanned 7 pages (not 3 pages) and focused on how Hendricks

28  believes Nationstar's reporting was inaccurate and incomplete. (Kemp Decl., Ex. A at 5–12.)

## II.  ARGUMENT

**A.      Plaintiffs Have Not Shown Hendricks Has Sufficient Expertise to Qualify.**

In their motion, Defendants showed that Hendricks lacks sufficient qualification to testify about credit reporting issues as a whole (because he was an industry outsider without the appropriate background) and that Hendricks lacks qualification to testify about specific parts of his expert report (the ultimate conclusions that Nationstar's reporting was inaccurate or incomplete, his citations of the law, and/or his opinions about the named Plaintiffs' and the putative class members' damages).

With respect to the first point—that Hendricks lacked qualification to testify about credit reporting issues as a whole—Plaintiffs' opposition does not address the fact that Hendricks is an industry outsider without any work experience at a furnisher or credit reporting agency and without any degrees or specialized training in credit reporting. Opp'n at 2:13–5:4. In fact, Plaintiffs provide more evidence that Hendricks is outsider who "reports on privacy and information law." Opp'n at 2:20. Although Hendricks provided a declaration in support of Plaintiffs' opposition to Defendants' motion for summary judgment which reiterated his work experience and included his CV, he provided no evidence addressing this point directly. In fact, Hendricks' declaration and Plaintiffs' opposition reinforce that Hendricks is an industry outsider who reports and writes about what he thinks credit reporting should look like, without any experience directly in the industry. *See* Opp'n at 2:13–3:11.

Next, Plaintiffs argue that Hendricks has been approved by some courts to testify about credit reporting and industry guidelines. Opp'n at 3:12–5:2. However, it is also clear that Hendricks has been barred from testifying in whole or in part in numerous cases. This includes four cases cited by Defendants in their opening brief in which Hendricks' testimony or opinion were entirely excluded, two of which are noticeably absent from Hendricks' "complete" list of cases.[3] This also includes the cases cited throughout Defendants' opening brief (and below) where

---

[3] In *Yourke v. Experian Info. Solutions, Inc.*, 2007 U.S.Dist.LEXIS 47558 (N.D.Cal. June 20, 2007, No. C 06-2370 CW), Experian moved *in limine* to exclude the plaintiffs from offering (footnote continued)

DEFENDANTS' REPLY TO RENEWED MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND
TESTIMONY OF EVAN HENDRICKS

1   Hendricks' testimony was limited because a court found Hendricks was not qualified to testify

2   about a particular topic. Thus, while Hendricks has been qualified to testify in some cases, he has

3   also been disqualified or limited in a number of other cases. The Court, in exercising its role as

4   gatekeeper, should carefully consider whether Hendricks' qualifications are sufficient here.  They

5   are not for the reasons stated above and in defendants' opening memorandum.

6        With respect to Defendants' point that Hendricks lacks qualifications to testify about

7   specific parts of his report, the opposition fails to refute Defendants' arguments.

8        Plaintiffs argue Hendricks did not invade the province of the Court by citing or quoting the

9   law because Hendricks merely refers to California's anti-delinquency laws as "a presumed fact or

10  assumption" and because Hendricks only "touches" upon the law. Opp'n at 7:3–12. However,

11  Hendricks does far more than that. He refers to specific code sections, specific court cases, and

12  even quotes from the court cases, all of which he describes as representing California's anti-

13  delinquency laws. (*See*, *e.g.*, Kemp Decl., Ex. A at 1, 5, 9, 10, 12, 18, 19.) Hendricks also opines

14  that the credit reporting industry standards he attempts to rely upon are consistent with the ruling

15  expressed by the court in *Kuns v. Ocwen Loan Servicing, LLC*, 611 Fed. Appx. 398 (9th Cir 2015).

16  *Id*. at 9, 10. While Hendricks includes a self-serving footnote explaining the case is not cited as a

17  legal opinion or conclusion, it is clear that in order for Henricks to opine that the so-called

18  industry standards are consistent with *Kuns,* Hendricks must have read and interpreted the legal

19  holding in *Kuns*. *Id*. Elsewhere, Hendricks more expressly opines that Nationstar disregarded the

20

---

21  testimony or an expert report by Hendricks on the grounds that he was an industry outsider and
    therefore lacked qualifications to testify and on the ground that Hendricks' testimony was not
22  reliable because he had no experience working at a credit reporting agency, and he had no test or
    methodology for the changes he proposed. *Id*. at *17, fn 3 [Experian's motion is available as
23  docket number 35 in case number 4:06-cv-02370-CW]. The Court, in ruling on both the motion *in
    limine* and a motion for summary judgment, granted the motion *in limine* for the purposes of the
24  motion for summary judgment but reserved the motion as to trial to be raised at a pre-trial
    conference. *Id*. In *Apodaca v. Discover Fin. Servs*., 417 F.Supp.2d 1220 (D.N.M. 2006), the Court
25  deferred ruling on a motion *in limine* as to Hendricks' testimony at trial, but declined to consider
    Hendricks' expert report on a summary judgment motion as it found his report consisted of only
26  hearsay and hearsay-within-hearsay. *Id*. at 1233. In *Thomas v. TransUnion*, 2002 WL 34369445
    *1 (D.Or. 2002), the court granted in whole a defendant's motion *in limine* as to Hendricks'
27  testimony. In *Sloane v. Equifax Information Services, Inc*., 2006 WL 5376431 *1 (E.D.Va. 2006),
    the court granted a defendants' motion *in limine* as to Henricks in part.
28

DEFENDANTS' REPLY TO RENEWED MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND
TESTIMONY OF EVAN HENDRICKS

1   legal standards set forth in *Kuns* and in another case, *Coker v. JP Morgan Chase Bank, N.A.*, 62

2   Cal. 4th 667 (2016). *Id*. at 19.

3       In layman's terms, Hendricks is opining that the California antideficiency law as he

4   understands supports his expert opinion.[4] "Experts interpret and analyze factual evidence. They do

5   not testify about the law." *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996)

6   (citation and quotation omitted); *see also Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st

7   Cir. 1997) ("It is black-letter law that it is not for witnesses to instruct the jury as to applicable

8   principles of law, but for the judge") (citation omitted.) It is for this reason a number of courts,

9   including Judge Freeman in *Sandigo v. Ocwen Loan Servicing, LLC*, 2019 U.S. Dist. LEXIS

10  105412, *22-23 (N.D. Cal. June 24, 2019), have barred Hendricks from testifying about the law.

11  "Mr. Hendricks is not qualified to read from and interpret judicial opinions. Likewise, allowing

12  him to do so would confuse the jury, who would not understand the context of the discussion…"

13  *Id*.

14      Next, Plaintiffs argue Hendricks' opinions that Nationstar's reporting was "inaccurate"

15  and/or "incomplete" are not objectionable because an expert is permitted to testify about ultimate

16  factual issues. Opp'n at 7:15–9:16. Plaintiffs also suggest Hendricks has made only "limited"

17  references to Nationstar's reporting being inaccurate or incomplete. Opp'n at 9:12. Again,

18  Hendricks does far more than that. Each of his five opinions expressly state in either the

19  summaries, the heading, and/or throughout the body of each opinion itself that Nationstar's

20  reporting was "inaccurate" and "incomplete." (Kemp Decl., Ex. A at 3, 4, 9, 11, 15, 16, 18.)

21  Hendricks also expressly opines a number of times that Nationstar disregarded California law. (*Id*.

22  at 9, 19.)

23      While it is true that an expert's opinion is not automatically objectionable where it

24  "embraces" an ultimate issues, here, in essence Hendricks' opinions are only that Nationstar's

25  reporting was inaccurate and incomplete. Moreover, contrary to what Plaintiffs attempt to argue,

---

[4] Unlike Defendants' expert who provided a general overview about the FCRA in the context of credit reporting, an area that Defendants' expert is qualified to discuss, Hendricks has no background to testify about California's anti-deficiency laws.

DEFENDANTS' REPLY TO RENEWED MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND TESTIMONY OF EVAN HENDRICKS

1   Hendricks' opinions that Nationstar's reporting was inaccurate or incomplete are legal conclusions

2   rather than ultimate factual issues.[5] "[A]n expert witness cannot give an opinion as to [his] legal

3   conclusion, i.e., an opinion on an ultimate issue of law." *United States v. Diaz*, 876 F.3d 1194,

4   1197 (9th Cir. 2017). "When an expert undertakes to tell the jury what result to reach, this does

5   not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for

6   the jury's." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994).

7       Sensing that they are on weak ground in arguing Hendricks' opinions are not legal

8   conclusions, Plaintiffs also argue the legal conclusion rule is not absolute and subject to

9   exceptions, citing *Diaz*. Opp'n at 8:17–9:11. However, *Diaz* held only that the legal conclusion

10  rule does not apply where the terms used by the expert have a "specialized meaning in law." *Diaz*,

11  876 at 1199. That exception does not apply where the expert's opinion involves "how to apply the

12  law to the facts of the case." *Diaz*, 876 at 1199. Here, Hendricks' opinions are just that—they

13  usurp the role of the trier of fact and try to instruct the trier of fact on what result to reach when

14  applying the facts to the law (regarding the accuracy and completeness of Nationstar's reporting).

15      Tellingly, all of the examples Plaintiffs cite applying this exception to the legal conclusion

16  rule (including *Diaz*) involve others area of law (for example, whether bodies of water were

17  "waters of the United States"). Opp'n at 8:17–9:16. By contrast, Defendants cited ample decisions

18  in the area of credit reporting and involving Hendricks specifically where he was barred from

19  testifying about similar ultimate legal conclusions (that credit reporting was inaccurate, procedures

20  were unreasonable, or a defendant's conduct did not conformed to a particular standard). *See* Mtn.

21  at 10:12–11:2.

22      Finally, Plaintiffs argue Hendricks is also qualified to opine that the named Plaintiffs and

23  _____

24  [5] Plaintiffs suggest Defendants conceded these opinions are factual conclusions rather than legal conclusions because Defendants quoted a portion of a case in a parenthetical that stated "the

25  accuracy of Defendant's reports is more appropriately a question for a jury." Opp'n at 8:8–11. Not so. A legal conclusion is the application of facts to law, made by the jury, and so Defendants'

26  citation and parenthetical quote made no such concession. *See, e.g.*, *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003). Moreover, Defendants' motion throughout made it clear

27  that Defendants were arguing Hendricks' opinions are improper legal conclusions (not factual conclusions).

28

the putative class members both suffered damages.. Opp'n at 9:20–10:17. Plaintiffs argue the cases where Hendricks' testimony was limited only involved attempts by Hendricks to testify about emotional distress damages and here, Hendricks is not attempting to do so. *Id*. To the contrary, the cases cited by Defendants also involved attempts by Hendricks to opine as to economic damages or damages common to people in comparable situations. *See*, *e.g.*, *Malverty v. Equifax Info. Servs., LLC*, 2019 U.S. Dist. LEXIS 186082, at *4 (M.D. Fla. Oct. 28, 2019) (holding, in limiting Hendricks' opinion about damages, that "any opinion about the types of damages that are common to plaintiffs in comparable circumstances would not assist the jury"); *Valenzuela v. Equifax Info. Servs. LLC*, 2015 U.S. Dist. LEXIS 151064, *9-10 (D. Ariz. November 6, 2015) (Hendricks is not qualified to address physical, emotional, or **economic effects of an inaccurate credit report**, or to estimate the value of 'expended time and energy to correct errors . . . in addition to loss of time and energy, **loss of opportunity**'") (emphasis added); *Anderson v. Equifax Info. Servs., LLC,* 2018 U.S. Dist. LEXIS 52939, *12 (D. Kan. March 29, 2018) ("Hendricks does not possess specialized training or experience in a field such as medicine, psychology, or economics that would qualify him to opine about whether Plaintiff has incurred certain types of injuries").

Here, too, Hendricks opines that Nationstar's reporting was a "scarlet letter" that for *practical purposes* rendered the named Plaintiffs ineligible for credit, and that Plaintiffs credit score was *likely* reduced. (Kemp Decl., Ex. A at 12–15.) However, Hendricks does not opine about any specific damages or decrease in creditworthiness that Plaintiffs had. (*Id*.) Instead, Hendricks suggests that any consumer in Plaintiffs' situation is likely to be harmed and therefore Plaintiffs must have been harmed as well. (*Id*.) For the putative class members, Hendricks suggests that all putative class members where harmed by Nationstar's reporting without regard to their particular circumstances. (Kemp Decl., Ex. A at 18.) Not only is Hendricks' methodology flawed (see below), but this is exactly the kind of opinion Henricks has been barred from giving in other cases because he has no qualification to do so.

In sum, the Court should either exclude Hendricks from testifying entirely, or limit his ability to testify about the law, legal conclusions, and/or regarding Plaintiffs' damages. Hendricks

DEFENDANTS' REPLY TO RENEWED MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND TESTIMONY OF EVAN HENDRICKS

1 | is not qualified to do so.

2 | **B.      Plaintiffs Have Not Shown Hendricks' Opinions Are Reliable.**

3 |     Defendants also showed in their opening memorandum that the methodology employed by

4 | Hendricks in concluding the named Plaintiffs and the putative class members suffered damages is

5 | flawed and therefore such testimony should be barred. In response, Plaintiffs attempt to muddle

6 | things by referencing Defendants' expert and suggesting this is a "classic battle of the experts" and

7 | therefore the Court should stay out of it. Opp'n at 10:18–13:2. Defendants' expert is not at issue in

8 | this motion and his methodology is not subject to attack. Therefore the inclusion of selected *parts*

9 | *of* Defendants' expert's opinion to bolster Plaintiffs' argument is a red hearing that should be

10 | ignored.

11 |     Moreover, Plaintiffs are wrong. Plaintiffs suggest that both experts agree that Nationstar's

12 | reporting was a "major" derogatory. However, both also agreed that Plaintiffs had two prior

13 | derogatory items that also qualified as "major derogatory" items, related to Plaintiffs' default with

14 | Bank of America on two loans (and foreclosure on the first mortgage), which both arose before

15 | Nationstar took over servicing the second loan. (Kemp Decl., Ex. B at 117:18–118:7, 120:14–

16 | 121:15.) Where Hendricks' methodology is flawed or non-existent is that he attempts to pin

17 | Plaintiffs' credit woes solely on Nationstar's reporting with no real explanation for why only

18 | Nationstar's reporting is to blame. (*See* Kemp Decl., Ex. A at 12–15.) Nowhere does Hendricks

19 | suggest that each new "major derogatory" item is weighted the same. (*Id.*) In the opposition,

20 | Plaintiffs and Hendricks still have no explanation.  Although Hendricks originally opined that

21 | Nationstar's reporting was more "recent," at his deposition, Hendricks conceded Nationstar's

22 | reporting of Plaintiffs' major delinquency dated back to 2011 when Plaintiffs first defaulted on the

23 | loan (so the reporting is no more recent than Plaintiffs' other major derogatory items with Bank of

24 | America). (*See* Kemp. Decl., Ex. C at 51:8–52:1.) In the opposition, Plaintiffs appear to abandon

25 | this explanation and do not address it and still provide no methodology or explanation for why

26 | Hendricks concludes only Nationstar's credit reporting caused harm to Plaintiffs' credit score.

27 |     Plaintiffs also do not address the fact that Hendricks' opinion about Plaintiffs' *likely* drop

28 | in credit score is then conflated with a decrease in creditworthiness (despite Hendricks

DEFENDANTS' REPLY TO RENEWED MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND
TESTIMONY OF EVAN HENDRICKS

acknowledging credit score is but one factor in creditworthiness). Nor do Plaintiffs address the fact that Hendricks conceded that his opinion about the decrease in creditworthiness for the putative class members would require an individualized analysis based on each members' circumstances.

In the end, Hendricks tries to dazzle with terminology, charts, and formulas, but stripped away, his opinion about damages to Plaintiffs and the putative class members is based on no reliable methodology whatsoever. The Court should exclude these opinions.

**C.     Plaintiffs Have Not Shown Hendricks' Opinions Would Aid, Rather than Confuse the Jury.**

Lastly, Defendants argued that Hendricks' opinions in which he quotes or summarizes the law, where he provides ultimate conclusions such as Nationstar's reporting was inaccurate or incomplete, and where he testifies about Plaintiffs' damages (rather than Plaintiffs themselves), are not helpful for the jury and would actually confuse the jury. As cited in the motion, expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. And as cited, numerous courts have limited Hendricks' testimony on the ground that its not helpful and may actually confuse the jury. As argued in the motion and tacitly conceded by Plaintiffs, Hendricks' opinions do not help, but seek to subvert the role of either the Court (in instruction on the law), the jury (in reaching ultimate conclusions on their own), or Plaintiffs (in testifying about their own damages). For this additional reason, the Court should limit or exclude Hendricks' opinions.

### III.  CONCLUSION

For all of these reasons, Defendants respectfully request the Court grant their motion.

DEFENDANTS' REPLY TO RENEWED MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND TESTIMONY OF EVAN HENDRICKS

1

DATED:  June 29, 2020

2

SEVERSON & WERSON
A Professional Corporation

3

4

By: _____
                    */s/ Erik Kemp*
                        Erik Kemp

5

6

Attorneys for Defendants NATIONSTAR
MORTGAGE LLC and VERIPRO SOLUTIONS
INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY TO RENEWED MOTION TO EXCLUDE OR LIMIT THE REPORT, OPINIONS, AND
TESTIMONY OF EVAN HENDRICKS