UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAQUELIA WASHINGTON TOLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, et al., <br><br> Defendants. | Case No. 17-cv-02575-JD <br><br> **ORDER RE PRELIMINARY APPROVAL OF CLASS SETTLEMENT** <br><br> Re: Dkt. Nos. 117, 121, 124 |

The parties have agreed to settle the case on the terms presented in the motion for preliminary approval, Dkt. No. 117, and modified in the joint statement addressing the Court's concerns, Dkt. No. 121. At the preliminary approval hearing, the Court directed the parties to file simplified class notices and claim forms and a joint statement. *See* Dkt. No. 120. The parties did so, and the changes address the Court's concerns. *See* Dkt. No. 121. This Order is based on the revised proposed order filed by the plaintiffs, Dkt. No. 124, which was modified to accord with the rulings in the case and the Court's practices.

Based on the Court's independent review of the motion and related papers, the discussion at the hearing, and the updates provided in the joint statement, preliminary approval is granted. The parties are advised that the Court has extended the class notice period and related dates. Attorneys' fees and costs, and a potential service award to the class representatives, will be taken up at the final approval hearing. Capitalized terms are used as defined in the Settlement Agreement, Dkt. No. 117-1.

1. <u>Preliminary Certification</u>. The Court preliminarily finds that: (i) the Settlement Class is so numerous that joinder would be impractical, (ii) common questions of law and fact exist as to the class, (iii) the claims or defenses of the representative parties, Class Representatives

Taquelia Washington-Toland and Georgia Toland are typical of the claims or defenses of the class, (iv) the Class Representatives and their counsel will fairly and adequately protect the interests of the class, (v) common questions of law and fact predominate over questions affecting only individual members of the Settlement Class, and (vi) resolution of the claims in this Action by way of a settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.  Consequently, a settlement class is preliminary certified as follows:

> All natural persons who obtained a second mortgage, or home equity line of credit, secured by a deed of trust on property located in California
>
> (a) to secure payment of the purchase price of a dwelling
>
> (b) for not more than four families and which
>
> (c) was occupied entirely or in part by the purchaser, and, after a foreclosure or short sale of the dwelling, any of the defendants
>
> (1) sent the person a letter in the form of Exhibits "A" and/or "C" to the Complaint within the Class Period ("the Collection Letter Subclass"); and/or
>
> (2) reported such person's second mortgage loan or home equity line of credit to one or more of the credit reporting agencies Experian, Equifax, or TransUnion as having an outstanding balance owing and/or otherwise as currently delinquent within the Class Period ("the Credit Reporting Subclass").

2. Pursuant to Rule 23(c)(2)(B) and Rule 23(e) of the Federal Rules of Civil Procedure, the Court orders that the Class be given notice of the pendency of this action and the Parties' proposed Settlement.

3. The Court orders that members of the Credit Reporting Subclass will be identified by Nationstar first conducting a search of its electronic records for all junior loans or home equity lines of credit secured by property in California that were charged off during the Class Period. This represents the outer limit of junior loans that could have had a foreclosure or short sale during the class period.  Nationstar estimates there will be approximately 7,000 to 8,000 such loans.

4. For each loan identified by Nationstar, Veripro will order a CoreLogic Property Lien Securitization Scrub to determine whether the property currently remains secured by the lien

2

of the junior mortgage or home equity line of credit so charged off by Nationstar. Loans that are confirmed as secured will be excluded from the Credit Reporting subclass. Loans that are unsecured or inconclusive will be included in the Credit Reporting Subclass. Additionally, all members of the collection letter subclass whose loans were previously serviced by Nationstar will be included in the Credit Reporting Subclass.

5. The Court finds that the Class Notice dissemination procedure set forth in Section VI of the Settlement Agreement (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and of their right to object or to exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements as set forth by law. The Class Notice dissemination procedures set forth in Section VI of the Settlement are incorporated into this Order.

6. Following the April 15, 2021, hearing on the motion for preliminary approval, the parties simplified the Class Notice. The revised Class Notice provides recipients four options for obtaining further details about the settlement, without necessarily having to read past the second page: (i) the FAQs on the following pages; (ii) the settlement website; (iii) the voice recognition telephone line the Administrator is establishing; and/or (iv) by directly emailing or telephoning Class Counsel with questions. The Court approves these changes.

7. The parties represent that the Credit Reporting Subclass is expected to be 7,000 to 8,000 loans and that the parties cannot identify them through an automated process within the parameters of the settlement terms. For this subclass, the Court authorizes the use of a Claim Form to identify the subclass members that are entitled to the credit reporting relief. Specifically, the parties may use the revised Claim Form that is a one-page attestation. *See* Dkt. No. 124, Ex. 1. The Settlement Administrator will activate a Settlement Website. The revised Class Notice is approved. *Id.*, Ex. 2.

8. The Class Administrator will make available an online portal on the class action website to allow Class Members to submit the Claim Form online.

9. In addition to the online Claim Form portal, a reminder postcard must be sent to all

1    Credit Reporting Subclass Members forty (40) days after the initial Class Notice mailing.

2        10.    At plaintiffs' request, the Court appoints JND Legal Administration as Settlement
3    Administrator to disseminate notice to the Settlement Class and administer the settlement. JND
4    Legal Administration will comply with all Settlement Administrator obligations under the
5    Settlement Agreement and this Order.

6        11.    JND estimates that the cost of the online Claim Form will run between $5,500 -
7    $7,500, plus an additional $200 per month to host the website. JND estimates that the cost of the
8    postcard reminder will run approximately $3,000. The settlement provides a $25,000 cap on
9    Defendants' contribution toward notice and administration. Because the Administrator's cost
10   estimate already exceeds $25,000 without the addition of the online Claim Form and postcard
11   reminder, the Court orders Class Counsel to pay notice and administration costs exceeding
12   $25,000.00.

13       12.    The Court sets December 1, 2021, as the deadline for JND to send the Settlement
14   Notice to the Class, and for class counsel to file an application for an Attorneys' Fee Award and
15   Service Award.

16       13.    The Court sets March 1, 2022 as the deadline by which Class Members must
17   submit any (i) Claim Form; (ii) request for exclusion from the Settlement Class; or (iii) objection
18   to the Settlement or to the Attorneys' Fee Award.

19       14.    The Court sets March 15, 2022 as the deadline for filing the final approval motion.

20       15.    The Court sets March 22, 2022 as the deadline for filing any reply memorandum in
21   further support of the proposed Settlement or the Attorneys' Fee Award application.

22       16.    The Court sets a Fairness Hearing on April 21, 2021, at 10:00 a.m. to consider the
23   fairness, reasonableness, and adequacy of the proposed Settlement and to determine whether it
24   should be finally approved. At that time, the Court will hear any applications for attorneys' fees,
25   expenses, and/or service awards.

26       17.    Any Class Member who wishes to be excluded from the Settlement Class must
27   comply with the requirements of Section 8.1 of the Settlement Agreement. Any Class Member
28   who does not submit a timely written request for exclusion from the Settlement Class will be

1  bound by all proceedings, orders, and judgments in the Action, even if such Class Member has
2  previously initiated or subsequently initiates individual litigation or other proceedings
3  encompassed by the Release.

4        18.    Any Class Member who has not filed a timely written Request for Exclusion and
5  who complies with the requirements of this Paragraph may comment in support of, or in
6  opposition to, any aspect of the proposed settlement either on his or her own or through an
7  attorney hired at his or her expense.  All objections must comply with the provisions of Section
8  8.2 of the Settlement Agreement.

9        19.    Unless excused by the Court upon a showing of good cause, any Class Member
10 who fails to timely file a written objection in accordance with the terms Section 8.2 will not be
11 permitted to object to this Settlement Agreement at the Final Approval Hearing, and will be
12 foreclosed from seeking any review of this Settlement Agreement by appeal or other means and
13 shall be deemed to have waived his or her objections and be forever barred from making any such
14 objections in the Action or any other action or proceeding.

15       20.    If the Settlement is finally approved, all Settlement Class Members who have not
16 filed a timely and proper Request for Exclusion will release the Released Persons from all claims
17 described in Section 10 of the Settlement Agreement.

18       21.    This Order will be vacated and be without prejudice to the rights of the Parties, all
19 of whom shall be restored to their respective positions existing immediately before this Court
20 entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not
21 become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement
22 Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement
23 Agreement for any reason. In such event, and except as provided therein, the proposed Settlement
24 and Settlement Agreement shall become null and void and be of no further force and effect;
25 neither the Settlement Agreement nor this Order shall be used or referred to for any purpose
26 whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and
27 defenses in the Action.
28

22. This Order will not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

23. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: October 29, 2021

_____
JAMES DONATO
United States District Judge